**BROUGHTON LUMBER COMPANY,**
**Plaintiff-Appellant,**

v.

**COLUMBIA RIVER GORGE COMMIS-**
**SION et al., Defendants-Appellees.**

No. 91–35183.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1992.

Decided Sept. 15, 1992.

As Amended Dec. 2, 1992.

Michael E. Haglund and Kathleen A. Pool, Haglund & Kirtley, Portland, Or., for plaintiff-appellant.

Lawrence Watters, Counsel, White Salmon, Wash., for defendant-appellee Columbia River Gorge Com'n.

James M. Johnson, Sr. Asst. Atty. Gen., Olympia, Wash., for defendant-appellee State of Wash.

Michael D. Reynolds, Asst. Sol. Gen., Salem, Or., for defendant-appellee State of Or.

Before WALLACE, Chief Judge, and GOODWIN, Circuit Judge, and CROCKER, District Judge.*

CROCKER, District Judge:

Broughton Lumber Company (Broughton), appeals the district court's order dismissing its inverse condemnation action against the states of Oregon and Washington (the States) and its declaratory judgment and inverse condemnation actions against the Columbia River Gorge Commission (Commission) brought pursuant to 16 U.S.C. §§ 544–544p (1989). We affirm.

---

* Honorable Myron D. Crocker, Senior United States District Judge for the Eastern District of California, sitting by designation.

## BACKGROUND

Broughton, a Washington Corporation, owns a 108.53 acre lot within the Columbia River Gorge National Scenic Area. In August, 1988, Broughton submitted a land use application to the Commission to subdivide its 108.53 acre lot into three parcels for residential development. The Executive Director (Director) of the Commission denied Broughton's application on October 25, 1988.

Broughton appealed the Director's decision to the Commission. On January 24, 1989, the Commission adopted the Director's findings of fact and conclusions of law, upheld the Director's decision, and denied Broughton's appeal.

Broughton filed a civil complaint in the United States District Court for the District of Oregon against the Commission, the states of Oregon and Washington, the United States, and the Secretary of the United States Department of Agriculture (Secretary).[1]

The district court dismissed Broughton's inverse condemnation action against the states of Oregon and Washington for lack of jurisdiction. Broughton appeals this decision, arguing that the Eleventh Amendment does not bar its cause of action because Congress has abrogated Oregon's and Washington's sovereign immunity and the Commission's waiver of immunity can be imputed to Oregon and Washington.

Next, the district court dismissed Broughton's declaratory judgment action against the Commission for lack of subject matter jurisdiction. The district court found that the Columbia River Gorge National Scenic Area Act (Gorge Act), 16 U.S.C. §§ 544–544p, did not confer jurisdiction upon the federal courts for actions involving the Commission. Broughton appeals this decision arguing that the federal courts have subject matter jurisdiction pursuant to the Gorge Act and 28 U.S.C. § 1331.

Finally, the district court dismissed Broughton's inverse condemnation claim against the Commission because it was unripe for judicial review. Broughton appeals this decision arguing that the States' waiver of sovereign immunity obviates the need for the ripeness requirement to be met, and the States' compensatory procedures for unconstitutional takings without just compensation are inadequate.

## STANDARD OF REVIEW

■ This court reviews the existence of subject matter jurisdiction in the district court *de novo*. *Allah v. Superior Court of California,* 871 F.2d 887, 890 (9th Cir. 1989) (citing *Peter Starr Prod. Co. v. Twin Continental Films, Inc.,* 783 F.2d 1440, 1442 (9th Cir.1986)).

## DISCUSSION

### I

Broughton appeals the district court's dismissal of its inverse condemnation action against the states of Oregon and Washington. Broughton contends that its inverse condemnation action against the States is proper in federal court because Congress, by the terms of the Gorge Act, has abrogated the States' immunity. Additionally, Broughton argues that the Commission has waived its Eleventh Amendment immunity and that the Commission's waiver of immunity may be imputed to the States.

■ The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to extend to suits brought against a state by its own citizens as well as by citizens of other states. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). As a result, federal courts are prohibited from hearing

---

1. The district court dismissed Broughton's actions against the United States and the Secretary for lack of subject matter jurisdiction. Brough-

ton does not appeal the district court's decision as to these two defendants.

suits brought against unconsenting states. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984).

■ The Eleventh Amendment bar to suits against states in federal court is not absolute. First, Congress may abrogate the States' constitutionally secured immunity by expressing, in unmistakably clear language, its intention to allow the states to be sued in federal court. *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 242–43, 105 S.Ct. 3142, 3147–48, 87 L.Ed.2d 171 (1985). Second, a state may waive its Eleventh Amendment immunity and consent to be sued in federal court. *Id.* at 241, 105 S.Ct. at 3146; *Clark v. Barnard,* 108 U.S. 436, 447, 2 S.Ct. 878, 883, 27 L.Ed. 780 (1883). "[A] State will be deemed to have waived its immunity 'only where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction.'" *Atascadero,* 473 U.S. at 239–40, 105 S.Ct. at 3146 (quoting *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974) (internal quotation omitted)). "Although a State's general waiver of sovereign immunity may subject it to suit in state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment." *Atascadero,* 473 U.S. at 241, 105 S.Ct. at 3146.

Broughton relies on *Petty v. Tennessee–Missouri Bridge Commission,* 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959), to support its contention that Congress has abrogated the States' immunity. *Petty,* however, is distinguishable from the present case.

In *Petty,* Tennessee and Missouri created an agency by entering into a bi-state compact. The compact provided that the respondent agency should have the power to build a bridge and operate ferries across the Mississippi River at specified points and that it should have the power "to contract, to sue and be sued in its own name." *Id.* at 277, 79 S.Ct. at 788. Congress granted approval of the compact, explicitly stating:

That nothing herein contained shall be construed *to affect, impair, or diminish any right, power, or jurisdiction* of the United States or *of any court,* department, board, bureau, officer, or official *of the United States, over or in regard to any navigable waters, or any commerce between the States* or with foreign countries, or any bridge, railroad, highway, pier, wharf, or other facility or improvement, or any other person, matter, or thing, forming the subject matter of the aforesaid compact or agreement or otherwise affected by the terms thereof.

*Id.* at 277–78, 79 S.Ct. at 788 (emphasis by Court). Congress could have adopted, as federal law, the law of either or both of the States. *Id.* at 280, 79 S.Ct. at 789. Instead, Congress approved the sue-and-be-sued clause in the compact under conditions that clearly provided that the States accepting it waived any immunity from suit. *Id.*

■ In contrast, Congress' approval of the Columbia River Gorge Compact (Compact) merely stated "Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled." Act of Nov. 17, 1986, Pub.L. No. 99–663, 100 Stat. 4274 (1986). Thus, Congress did not clearly provide that the states joining the Compact waived their sovereign immunity. Nor does this terse enactment provision constitute an "unmistakably clear" statement of Congress' intent to abrogate Oregon's and Washington's immunity to suit in federal court. *See Atascadero,* 473 U.S. at 242, 105 S.Ct. at 3147.

■ Next, Broughton argues that the Gorge Act and the Compact are replete with references to the Commission's waiver of sovereign immunity. Broughton further argues that the Commission's waiver of sovereign immunity can be imputed to the States. Although the Compact contains a provision empowering the Commission to "sue and be sued",[2] the Commission has not explicitly waived its sovereign immunity to suits in federal court. Pursuant to 16 U.S.C. § 544m(b)(6), actions involving the

---

**2.** Or.Rev.Stat. § 196.150; Wash.Rev.Code § 43.-97.015.

Commission shall be brought in the state courts of Oregon and Washington. The Commission's waiver of sovereign immunity in the state courts does not act as a waiver of Eleventh Amendment immunity in the federal courts.[3] *See Atascadero,* 473 U.S. at 241, 105 S.Ct. at 3146.

Because Broughton has failed to demonstrate that Congress has abrogated the States' immunity or that the States have waived their sovereign immunity, Broughton's inverse condemnation action is barred by the Eleventh Amendment and the district court properly dismissed this action.

## II

■ Broughton appeals the district court's dismissal of its declaratory judgment action against the Commission. Broughton argues that the federal courts have subject matter jurisdiction over its declaratory judgment action pursuant to 16 U.S.C. § 544m(b)(4)–(6).

Although paragraphs 4, 5, and 6 when read individually are ambiguous, when read collectively they clearly confer mandatory jurisdiction upon the state courts for actions involving the Commission.

Section 544m(b)(4) of 16 U.S.C. provides:

(4) *Judicial review*

Any person or entity adversely affected by—

(A) any final action or order of a county, the Commission, or the Secretary relating to the implementation of sections *544* to *544p* of this title;

(B) any land use ordinance or interim guideline adopted pursuant to sections *544* to *544p* of this title;

(C) any appeal to the Commission pursuant to this section;

(D) any civil penalty assessed by the Commission pursuant to paragraph (a)(3) of this subsection may appeal such action or order by filing in any of

the courts specified in paragraph (5) of this subsection, within sixty days after the date of service of such order or within sixty days after such action is taken, a written petition requesting such action, order, land use ordinance, interim guideline, or appeal taken to the Commission be modified, terminated, or set aside.

Section 544m(b)(5) provides:

(5) *Federal court jurisdiction*

*The United States district courts located in the States of Oregon and Washington shall* have jurisdiction over—

(A) any criminal penalty imposed pursuant to section 551 of this title, or any other applicable law for violation of any order, regulation or other action taken by the Secretary pursuant to sections 544 to 544p of this title;

(B) any civil action brought against the Secretary pursuant to this section; or

(C) any appeal of any order, regulation, or other action of the Secretary taken pursuant to paragraph (4) of this subsection.

(emphasis added). In contrast, 16 U.S.C. § 544m(b)(6) provides:

(6) *State court jurisdiction*

*The State courts of the States of Oregon and Washington shall* have jurisdiction—

(A) to review any appeals taken to the Commission pursuant to subsection (a)(2) of this section;

(B) over *any civil action brought* by the Commission pursuant to subsection (b)(1) of this section or *against the Commission,* a State, or a county pursuant to subsection (b)(2) of this section;[4]

(C) over any appeal of any order, regulation, or other action of the Com-

---

**3.** Because the Commission has not waived its sovereign immunity in the federal courts this court finds it unnecessary to determine whether the Commission's immunity can be imputed to the States.

**4.** Subsection (b)(2) provides:

(2) **Citizens suits**

Any person or entity adversely affected may commence a civil action to compel compliance with sections 544 to 544p of this title—

(A) against the Secretary, the Commission or any county where there is alleged a violation of the provisions of sections 544 to 544p of this title, the management plan or any land use ordinance or interim guideline adopted or other action taken by the Secretary, the Commission, or any county pursuant to or Commission under sections 544 to 544p of this title; ...

mission or a county taken pursuant to paragraph (4) of this subsection; or

(D) any civil penalties assessed by the Commission pursuant to subsection (a)(3) of this section.

(emphases added). Thus, although paragraph 4 might be read to vest jurisdiction over all appeals in the federal district courts of Oregon and Washington, subparagraphs (5)(C) and (6)(C) point to a different conclusion—the state courts have exclusive jurisdiction over actions involving and appeals from the Commission, while the federal courts' jurisdiction is reversed for actions involving and appeals from the Secretary.

Congressional commentary supports limiting the federal courts' jurisdiction to actions involving the Secretary. In a section-by-section analysis of the bill, the congressional record states that the "[f]ederal courts have jurisdiction over actions appealing an order of the Secretary, civil actions against the Secretary, or the imposition of criminal penalties resulting from a decision of the Secretary or a violation of an order of the Secretary." 132 Cong.Rec. S15,645 (daily ed. Oct. 8, 1986) (statement of Sen. Gorton). In contrast, the "states of Oregon and Washington have jurisdiction to review appeals taken to the Commission, any civil action brought by the Commission, or any civil penalties assessed by the Commission." [5] Id.; see also Bowen Blair, Jr., *The Columbia River Gorge National Scenic Area: The Act, Its Genesis, and Legislative History*, 17 Envtl.L. 863, 964 (Spring, 1987) ("State courts in Oregon and Washington retain jurisdiction over appeals of county actions taken to the Commission; civil actions brought by the Commission; citizen actions brought against the Commission, a state, or county; appeals of Commission or county orders regulations, and actions; and any civil penalties assessed by the Commission" (footnotes omitted)). We conclude that the effect of 16 U.S.C. § 544m(b)(4)–(6) is to vest the federal district courts of Oregon and Washington with jurisdiction over only those actions

involving the Secretary, and to leave to the state courts jurisdiction over actions involving the Commission.

■ Broughton further contends that the district court had jurisdiction over its declaratory judgment action pursuant to 28 U.S.C. § 1331, the general federal question jurisdictional provision. This contention is without merit, as the jurisdictional provisions of the Gorge Act, 16 U.S.C. § 544m(b)(5)–(6), are more specific than section 1331's grant of jurisdiction. Therefore, the provisions of the Gorge Act are controlling. *See Busic v. United States*, 446 U.S. 398, 406, 100 S.Ct. 1747, 1753, 64 L.Ed.2d 381 (1980).

Because the federal district courts lack subject matter jurisdiction over Broughton's declaratory judgment action against the Commission the district court properly dismissed this action.

### III

Broughton appeals the district court's dismissal of its inverse condemnation action against the Commission. Broughton argues that the district court improperly dismissed its inverse condemnation action against the Commission because the States' waiver of immunity obviates the need for the ripeness requirement to be met and because the States' compensatory procedures for unconstitutional takings without just compensation are inadequate.

■ The basic rationale of the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967), *overruled on other grounds, Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977). If a claim is not ripe for review, the federal courts lack subject matter jurisdiction and they must dismiss the claim. *Southern Pac. Transp. Co. v. Los Angeles*, 922 F.2d 498, 502 (9th Cir.1990), *cert. denied*, — U.S. ——, 112 S.Ct. 382, 116 L.Ed.2d 333 (1991).

---

**5.** Additionally, Congress rejected several bills containing broader grants of jurisdiction upon the federal district courts. H.R. 4161, 99th

Cong., 2d Sess. (1986); H.R. 4221, 99th Cong.2d Sess. (1986); H.R. 5583, 99th Cong., 2d Sess. (1986); H.R. 5625, 99th Cong., 2d Sess. (1986).

Constitutional challenges to local land use regulations are not considered by federal courts until they are "ripe" for federal adjudication. *Id.* at 502. Ripeness in an as-applied challenge to a local land use regulation requires the fulfillment of two prerequisites. First, the plaintiff must show that it has obtained a "'final and authoritative determination of the type and intensity of development legally permitted on the subject property.'" *Id.* (quoting *MacDonald, Sommer & Frates v. County of Yolo*, 477 U.S. 340, 348, 106 S.Ct. 2561, 2566, 91 L.Ed.2d 285 (1986)). Second, because the Constitution prohibits only takings without just compensation, "'if a State provides an adequate procedure for seeking just compensation,' plaintiffs may not bring as-applied claims to federal court until they have 'used the procedure and been denied just compensation.'" *Id.* at 503 (quoting *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 195, 105 S.Ct. 3108, 3121, 87 L.Ed.2d 126 (1985)). Courts look to the time when the alleged taking without just compensation occurred to determine whether reasonable state procedures were available. *Southern Pacific Transp. Co.*, 922 F.2d at 504 (citations omitted).

Alternatively, a landowner who files suit in federal court before seeking compensation from the state "'bears the burden of establishing that state remedies are inadequate.'" *Del Monte Dunes at Monterey v. Monterey*, 920 F.2d 1496, 1506–07 (9th Cir.1990) (quoting *Austin v. Honolulu*, 840 F.2d 678, 680 (9th Cir.1988), *cert. denied*, 488 U.S. 852, 109 S.Ct. 136, 102 L.Ed.2d 109 (1988)).

Broughton argues that the States' waiver of immunity obviates the need for the ripeness requirement to be met. Assuming *arguendo* that the States' waiver of sovereign immunity would obviate the need for the ripeness requirement to be met, Broughton's argument must fail because, as set forth above, the States have not waived their sovereign immunity. Furthermore, Broughton has not provided evidence sufficient to establish that either Oregon's or Washington's procedures were inadequate, nor has it demonstrated that the Gorge Act contravenes the state courts' power to award monetary damages if the appropriate criteria are satisfied.

Broughton does not dispute that both States provide compensation for regulatory takings.[6] Yet, Broughton failed to seek compensation from Oregon or Washington prior to filing this action in federal court.

Because Broughton did not demonstrate the inadequacy of the States' compensatory procedures and because it failed to seek compensation from Oregon or Washington prior to filing its suit in federal court, Broughton has failed to satisfy the second prerequisite of the ripeness requirement.[7] Broughton's inverse condemnation action against the Commission is, therefore, unripe for judicial review and the district court properly dismissed this action.

AFFIRMED.

---

**6.** *See Presbytery of Seattle v. King County*, 114 Wash.2d 320, 336, 787 P.2d 907 (1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 284, 112 L.Ed.2d 238 (1990); *Fifth Avenue Corp. v. Washington County*, 282 Or. 591, 614, 581 P.2d 50 (1978).

**7.** Because Broughton failed to satisfy the second prerequisite of the ripeness test, this court finds it unnecessary to examine the first prerequisite.