19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven E. RICHFIELD, Plaintiff-Appellant,
v.
STATE of California, Defendant-Appellee.
 No. 93-16143.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 24, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven E. Richfield appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action against the State of California for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and review de novo. Harrison v. Hickel, 6 F.3d 1347, 1352 (9th Cir.1993). We affirm in part, vacate in part, and remand.
 
 
 3
 Richfield, who lives in a recreational vehicle with his family, brought an action against the State of California alleging that because he does not have a fixed place of residence, the State of California has denied him and his family various rights, including the right to vote and the right to send his children to school. Richfield sought damages and injunctive relief prohibiting California form enforcing a number of allegedly unconstitutional residency laws. The district court found that the State of California was immune from suit under the Eleventh Amendment and dismissed Richfield's action.
 
 
 4
 "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (citation omitted).
 
 
 5
 The Eleventh Amendment generally bars the federal courts from entertaining suits brought by a private party against a state whether the relief sought is legal or equitable in nature. Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir.1991) cert. denied, 112 S.Ct. 1478 (1992). Eleventh Amendment immunity can be waived by the state, or by Congress pursuant to section 5 of the Fourteenth Amendment. Broughton Lumber Co. v. Columbia River Gorge Comm'n, 975 F.2d 616, 619 (9th Cir.1992), cert. denied, 114 S.Ct. 60 (1993). Congress' intent to abrogate a state's immunity must be unequivocally expressed. Alaska Cargo Transport, Inc. v. Alaska R.R. Corp., 5 F.3d 378, 382 (9th Cir.1993). Actions seeking prospective declaratory or injunctive relief against state officers in their official capacity are not barred by the Eleventh Amendment. Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir.1993).
 
 
 6
 Richfield contends that the district court erred by dismissing his claims for damages against the State of California because Congress abrogated California's immunity by enacting 28 U.S.C. Sec. 1343. This contention lacks merit. Section 1343 does not operate to lift the Eleventh Amendment bar to Richfield's action because it contains no expression of congressional intent to abrogate California's immunity. See L.A. Branch NAACP v. Los Angeles Unified School Dist., 714 F.2d 946, 950 (9th Cir.1983) cert. denied, 467 U.S. 1209 (1984). Thus, the district court properly dismissed Richfield's claims for damages without leave to amend because he could not amend his complaint to cure its deficiencies. See Noll, 809 F.2d at 1448.[1]
 
 
 7
 Richfield also contends that the district court erred by dismissing his claims for prospective injunctive relief. Although the Eleventh Amendment does not bar claims for prospective injunctive relief against state officials acting in their official capacities, Eu, 979 F.2d at 704, the only named defendant in Richfield's complaint is the State of California. Thus, Richfield's claims for injunctive relief are barred by the Eleventh Amendment. See id. The district court erred, however, by failing to provide Richfield with an opportunity to amend his complaint to cure this deficiency. See Noll, 809 F.2d at 1448.
 
 
 8
 We affirm the district court's dismissal of Richfield's damages claims. We vacate its dismissal of Richfield's claims for injunctive relief and direct the district court to allow Richfield an opportunity to amend his complaint.
 
 
 9
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his reply brief on appeal, Richfield contends that the Eleventh Amendment is not applicable here because he is not a citizen of California or any other state. Because Richfield did not raise or discuss this issue in his opening brief, we deem it waived and do not address it. See Officers For Justice v. Civil Serv. Comm'n, 979 F.2d 721, 726 (9th Cir.1992), cert. denied, 113 S.Ct. 1645 (1993)