42 F.3d 1402
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David L. SHOOPMAN, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA; Worker's Compensation Appeals Board,
Defendants-Appellees.
 No. 93-16040.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1994.*
Decided Dec. 7, 1994.
 
 1
 Before: ALARCON and HALL, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 David L. Shoopman appeals pro se the district court's order dismissing his civil rights action on the grounds that (1) the court lacked subject-matter jurisdiction, and (2) the action is barred by the Eleventh Amendment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Harrison v. Hickel, 6 F.3d 1347, 1352 (9th Cir.1993) (eleventh amendment); Broughton Lumber Co. v. Columbia River Gorge Comm'n, 975 F.2d 616, 618 (9th Cir.1992) (subject-matter jurisdiction), cert. denied, 114 S.Ct. 60 (1993), and affirm in part and reverse in part.
 
 BACKGROUND
 
 4
 Shoopman, who was disabled as a result of a work-related injury, filed several cases before the state Worker's Compensation Appeals Board ("WCAB"). The WCAB ruled against Shoopman in all the cases. Shoopman intended to file a writ of review in the state appellate court and, to that end, he requested the WCAB to provide him a hearing transcript free of charge. The WCAB denied the request and informed Shoopman he would have to pay $670.00 in advance for the transcript. Shoopman paid the fee under protest.
 
 
 5
 When Shoopman finally received the transcript, the 45-day period for filing a writ of review had expired. See Cal.Lab.Code Sec. 5950. Thus, Shoopman never filed his writ.
 
 
 6
 On November 19, 1992, Shoopman filed a complaint in the federal district court for the Eastern District of California, naming as defendants the WCAB and the State of California. Shoopman claimed he would show that "the refusal of the ... [WCAB] to accept his request for the transcript in forma pauperis is a denial of his right to equal protection." Shoopman also claimed that:
 
 
 7
 [T]he requirement that he file a petition for writ within 45 days after the unfavorable decision is a denial of his right to due process of law and equal protection in that even if the fee is paid, the transcript of the proceeding is normally not prepared for at least thirty days, thus effectively precluding the filing of such a writ since it would be impossible to prepare a writ within the time remaining after the receipt of the transcript.
 
 
 8
 The district court held that it lacked subject-matter jurisdiction over Shoopman's action to the extent he sought review of the WCAB's denial of his request for a free transcript. The district court further held that although it had jurisdiction to review the constitutionality of section 5950, that portion of Shoopman's action was barred by the Eleventh Amendment.
 
 MERITS
 
 9
 We agree with the district court that to the extent Shoopman sought review of the WCAB's denial of his request for a free transcript, the court lacked subject-matter jurisdiction. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Worldwide Church of God v. McNair, 805 F.2d 888, 890-92 (9th Cir.1986). Shoopman miscomprehends the district court's order when he contends that the court erred because he only sought to have section 5950 declared unconstitutional. The district court stated unequivocally, and correctly, that it had jurisdiction to consider Shoopman's argument that section 5950 is unconstitutional. See Feldman, 460 U.S. at 482-86.
 
 
 10
 The district court nevertheless dismissed Shoopman's challenge to the constitutionality of section 5950 as barred by the Eleventh Amendment. Under the Eleventh Amendment, a state is immune from suits brought in federal court by her own citizens. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Moreover, suits against state agencies are considered suits against the state and are therefore also barred by the Eleventh Amendment. Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir.1986). Here, the district court did not err by finding that Shoopman's action against the State of California and the WCAB, a state agency, is barred by the Eleventh Amendment. See Pennhurst, 465 U.S. at 100; Shaw, 788 F.2d at 603.
 
 
 11
 Shoopman is a pro se litigant, however. Thus, before dismissing his complaint, the district court should have notified Shoopman of the deficiencies in his complaint and allowed him an opportunity to amend, Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992), "unless it [was] absolutely clear that the deficiencies of the complaint could not be cured by amendment," Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (quotation omitted).
 
 
 12
 The Eleventh Amendment does not bar suits for prospective injunctive relief brought against state officials acting in their official capacities. Ex Parte Young, 209 U.S. 123, 155-56 (1908). In his complaint, Shoopman sought declaratory and injunctive relief but failed to name any individual state official as a defendant. The district court recognized this deficiency yet did not allow Shoopman an opportunity to amend the complaint.
 
 
 13
 We have recognized in the past that adequate preparation of an appeal may require a complete review of the transcript of the prior relevant proceedings. See MacCollom v. United States, 511 F.2d 1116, 1120-24 (9th Cir.1974) (issue was whether indigent plaintiff was required to show particularized need before being provided free transcript). Therefore, we cannot say that there is no set of facts Shoopman could prove that would entitle him to relief. We accordingly conclude that the district court should have allowed Shoopman an opportunity to amend his complaint. See Noll, 809 F.2d at 1448.
 
 
 14
 AFFIRMED IN PART and REVERSED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3