996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis GORENC, Plaintiff-Appellant,
v.
Robert R. BEAN, Honorable, Presiding Judge of the Superior
Court of Pinal County, AZ, Defendant-Appellee.
 No. 93-15265.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 28, 1993.
 
 Before: SNEED, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Louis Gorenc appeals pro se the district court's order denying his request to proceed in forma pauperis in his 42 U.S.C. § 1983. The district court found that Gorenc's action was frivolous pursuant to 28 U.S.C. § 1915(d). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm.
 
 
 3
 A plaintiff may be denied leave to proceed in forma pauperis if his complaint is frivolous. Neitzke v. Williams, 490 U.S. 321, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. A pro se plaintiff with an arguable claim is entitled to issuance and service of process. Denton, 112 S.Ct. at 1733; Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 5
 Gorenc filed this action against Judge Bean in his capacity as presiding judge of the Pinal County Arizona Superior Court. Gorenc alleged that his constitutional rights were violated when Gorenc was charged with and tried for criminal misdemeanors by certain justices of the peace. Gorenc alleged the justices of the peace did not have legal educations and were biased against him. Gorenc alleged that Judge Bean was liable under section 1983 for failure to train or supervise adequately the justices of the peace.
 
 
 6
 The district court correctly found that Gorenc's complaint has no arguable basis in law. First, Gorenc has no constitutional right to have a law-trained justice of the peace hear his misdemeanor charges. See North v. Russell, 427 U.S. 328, 339 (1976). Further, although Judge Bean has administrative authority over the justices of the peace, any failure of Judge Bean to train or supervise adequately the justices of the peace would not rise to the level of a deprivation of a federally protected right. See Karim-Panahi, 839 F.2d at 623. The Arizona constitution establishes the qualifications of all judges, including justices of the peace. See Ariz. Const. art. VI, § 22. The proper channel for challenging a justice of the peace's decision or fitness for office is through the state judicial system. See Ariz.Rev.Stat. §§ 12-124, 22-261-65, 22-371-75 (superior court has jurisdiction to hear appeals from decisions of justices of the peace and conducts de novo trials); In re Walker, 736 P.2d 790, 791 (Ariz.1987) (Commission on Judicial Qualifications may recommend removal of justice of the peace from office and Supreme Court has jurisdiction to review Commission's recommendations). Thus, Gorenc's complaint implicates at most a violation of a state right, not a federal right. See Karim-Panahi, 839 F.2d at 623.
 
 
 7
 To the extent Gorenc seeks review of the decisions of the justices of the peace, he may not do so in federal court. The federal courts lack jurisdiction to review decisions of state courts or to compel state court appellate review. See Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989). To the extent Gorenc challenges the actions of the justices of the peace directly, they are entitled to absolute judicial immunity. See Bergquist v. County of Cochise, 806 F.2d 1364, 1371 (9th Cir.1986). Finally, Judge Bean cannot be held liable for any violations committed by the justices of the peace on a respondeat surperior theory. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978). Accordingly, the district court properly denied Gorenc leave to proceed in forma pauperis because his action was frivolous. See Denton, 112 S.Ct. at 1734.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3