996 F.2d 1226
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bwana MILLION, Plaintiff-Appellant,
v.
Charles D. MARSHALL, Warden, et al., Defendant-Appellee.
 No. 91-16439.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 28, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bwana Million appeals pro se the district court's summary judgment[1] in favor of Warden Charles D. Marshall of the Pelican Bay State Prison (PBSB) and other correctional officials, alleging that they used excessive force in removing him from his cell in violation of his eighth amendment right to be free from cruel and unusual punishment. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We review de novo the grant of summary judgment. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). Before entering summary judgment, district courts are obligated to advise pro se prisoner litigants of the requirements of the summary judgment rule, Fed.R.Civ.P. 56. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). Courts must advise pro se prisoner litigants that they need to submit responsive evidence to ward off summary judgment under Fed.R.Civ.P. 56(e). Id. at 411. Courts cannot avoid giving the required advice based on a determination that a prisoner has the requisite sophistication in legal matters. Id.
 
 
 4
 Here, the district court granted the appellees' motion for summary judgment without advising Million of the requirements of Fed.R.Civ.P. 56(e). Accordingly, we vacate the district court's grant of summary judgment and remand. See id.
 
 
 5
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court granted summary judgment for the defendants on March 8, 1991. Million filed an application for an extension of time to oppose the defendants' motion for summary judgment on July 5, 1991. This motion was denied by the district court on July 11, 1991. Million filed his notice of appeal to this court on September 5, 1991, approximately six months after the district court's order. Million's appeal is nevertheless timely because the district court did not enter a separate judgment as required by Fed.R.Civ.P. 58. See Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989) (notice of appeal found timely because judgment was not set forth on a separate document)