**Al–Hakim ALLAH, Plaintiff–Appellant,**

v.

**SUPERIOR COURT OF the STATE OF CALIFORNIA, LOS ANGELES COUNTY, Defendant–Appellee,**
**R.A. Doeve, et al.,**
**Real-parties-in-interest.**
No. 87–6187.
United States Court of Appeals,
Ninth Circuit.
Submitted Dec. 28, 1988.*

Decided April 3, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Al–Hakim Allah, Compton, Cal., pro se.

De Witt W. Clinton, County Counsel, Los Angeles, Cal. for defendant-appellee.

Before MERRILL, REINHARDT and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Al–Hakim Allah appeals pro se the district court's dismissal of his action seeking judicial review of a prior state court proceeding which Allah alleged violated his constitutional rights under the fourteenth amendment. The district court dismissed his action under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. We have jurisdiction over Allah's appeal and we affirm.

I

On November 18, 1986, Allah filed a complaint entitled "Petition for Writ of Certiorari or Other Appropriate Remedy" in the district court. He alleged that the Los Angeles Superior Court had violated his due process and equal protection rights under the fourteenth amendment by dismissing his personal injury complaint because he failed to comply with a discovery order. On April 2, 1987, the district court dismissed Allah's action for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). However, the district court did not enter a separate judgment with respect to this dismissal.

On April 13, 1987, Allah filed a reconsideration motion. On April 30, while his reconsideration motion was still pending, Allah filed in the Ninth Circuit a document entitled "Petition for Writ of Error, or Other Appropriate Remedy (e.g., Certiorari, Mandamus or Notice of Appeal) In the Matter of United States District Court's Order of Dismissal," which this court construed as a notice of appeal on July 7, 1987. On May 7, 1987, the district court denied Allah's reconsideration motion. Again the district court failed to enter a separate judgment. Allah did not file another notice of appeal.

II

We must first decide whether Allah's notice of appeal was timely. A notice of appeal filed before the disposition of a timely Rule 59(e) motion has no effect. Fed.R.App.P. 4(a)(4); *Lewis v. United States Postal Service*, 840 F.2d 712, 713 (9th Cir.1988). Here, Allah had a timely Rule 59(e) motion pending in the district court at the time he filed his notice of appeal. Therefore, his notice of appeal was ineffective. *Lewis*, 840 F.2d at 713. Allah was required to file a new notice of appeal after the district court's entry of the order disposing of the motion. *Id.* at 714. We next consider whether Allah has nevertheless obtained appellate jurisdiction by filing a notice of appeal after the denial of his reconsideration motion. We conclude that we may construe Allah's opening brief, filed on August 10, 1987, as a proper notice of appeal.

Documents that are not denominated notices of appeal will be so treated so long as they "clearly evince the party's intent to appeal," are served on the other parties to the litigation, and are filed in the court within the time period otherwise provided by Rule 4(a)(4). *Munden v. Ultra–Alaska Associates*, 849 F.2d 383, 387 (9th Cir.1988); *Cel–A–Pak v. California Agricultural Labor Rel. Bd.*, 680 F.2d 664, 667 (9th Cir.), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982). In determining whether a document will be construed as a notice of appeal, this court uses a more lenient standard when the appellant is not represented by counsel. *Munden*, 849 F.2d at 387. Here, the opening brief fulfilled all

the purposes of a notice of appeal. It showed Allah's intent to appeal. It was served on the other parties to the litigation. The only remaining element, timeliness of the notice, is satisfied because there has been no separate entry of judgment in the district court.

■ The period for filing a notice of appeal begins upon "entry" of the judgment or order appealed from. Fed.R.App. P. 4(a)(1); *Vernon v. Heckler*, 811 F.2d 1274, 1276 (9th Cir.1987). A judgment or order is not entered within the meaning of Rule 4(a), however, unless it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure. Fed.R. App.P. 4(a)(6); *Vernon*, 811 F.2d at 1276; *Calhoun v. United States*, 647 F.2d 6, 8 (9th Cir.1981). *Accord, Taylor Rental Corp. v. Oakley*, 764 F.2d 720, 721 (9th Cir.1985). The requirements of these rules must be "mechanically applied." *United States v. Indrelunas*, 411 U.S. 216, 222, 93 S.Ct. 1562, 1565, 36 L.Ed.2d 202 (1973) (per curiam); *Vernon*, 811 F.2d at 1276. A sheet containing the judgment, usually prepared by the clerk, must be "distinct from any opinion or memorandum." *Vernon*, 811 F.2d at 1276 (citing Fed.R.Civ.P. 58 advisory committee note). *See also Paddack v. Morris*, 783 F.2d 844, 846 (9th Cir.1986) (filing of the Supplemental Judgment, not the filing of the four-page Order outlining the facts, law, and legal analysis, constituted "entry" of a separate document for the purposes of Fed.R.App.P. 4(a)(1)). Absent compliance with these requirements, "a party will not ordinarily be found to have exceeded any of the time periods set forth in Fed.R.App.P. 4(a)." *Vernon*, 811 F.2d at 1276; *Calhoun*, 647 F.2d at 8.

■ In the present case, the record does not reveal the district court's compliance with Fed.R.Civ.P. 58, which requires that "[e]very judgment shall be set forth on a separate document", when it issued the dismissal order or when it issued its denial of Allah's motion for reconsideration. Although the district court's orders were stamped "Entered," were mailed to the parties, and were listed as "Entered" on the civil docket, there was no separate document setting forth the judgment of the district court. Because no separate entry occurred, Allah's notice of appeal was timely filed, and we therefore have jurisdiction over his appeal.[1]

## III

■ On appeal, Allah seeks review of the district court's dismissal of his action against the Superior Court for lack of subject matter jurisdiction. The existence of subject matter jurisdiction in the district court presents a question of law reviewed de novo by this court. *Peter Starr Production Co. v. Twin Continental Films, Inc.*, 783 F.2d 1440, 1442 (9th Cir.1986). The United States district courts have subject matter jurisdiction over general challenges to rules promulgated by state courts in nonjudicial proceedings which do not require a review of a final state court judgment in a particular case. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 1317, 75 L.Ed.2d 206 (1983). As courts of original jurisdiction, however, they do not have jurisdiction over direct challenges to final decisions of state courts, even if those challenges allege that the state court's action was unconstitutional. *Id.; Atlantic C.L.R. Co. v. Engineers*, 398

---

1. Although a timely notice of appeal is jurisdictional, the existence of a properly entered separate judgment is not a prerequisite to appellate jurisdiction under 28 U.S.C. § 1291. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 383–84, 98 S.Ct. 1117, 1119–20, 55 L.Ed.2d 357 (1978) (per curiam). The parties may waive the separate judgment requirement by failing to object on that ground to the taking of appeal. *Id.* at 386–88, 98 S.Ct. at 1121–22; *Vernon*, 811 F.2d at 1276; *Calhoun*, 647 F.2d at 11. In this case, the appel-

lees did not object to the absence of a separate judgment; therefore, that requirement has been waived as to the taking of this appeal before this court. This court may assume jurisdiction over this appeal and need not engage in the "pointless exercise of dismissing the appeal and waiting for the district court clerk to enter a separate judgment" before deciding the appeal. *Bankers Trust*, 435 U.S. at 385, 98 S.Ct. at 1120 ("Wheels would spin for no practical purpose."); *Vernon*, 811 F.2d at 1276–77.

U.S. 281, 296, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970) (lower federal courts may not sit in review of state courts' decisions); *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.1986). This rule applies even though the direct challenge is anchored to alleged deprivations of federally protected due process and equal protection rights. *Feldman*, 460 U.S. at 484–86, 103 S.Ct. at 1316–17; *McNair*, 805 F.2d at 891.

■ In the present case, Allah filed a personal injury action in the Los Angeles Superior Court, which was dismissed by the state court because of his failure to comply with a discovery order. In his petition to the district court, Allah argued that the state court violated his federally protected equal protection and due process rights by dismissing his case on "procedural technicalities", instead of making a final determination on the merits. To the extent that Allah requested the district court to conduct a direct review of the state court's judgment and to scrutinize the state court's application of various rules and procedures pertaining to his case, the district court lacked subject matter jurisdiction over his complaint. The proper court in which to obtain a direct review of state-court determinations is the United States Supreme Court. 28 U.S.C. § 1257(3) (1982); *McNair*, 805 F.2d at 891. *See also Feldman*, 460 U.S. at 486, 103 S.Ct. at 1317.

AFFIRMED.