980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alton TURNER, et al., Plaintiffs-Appellants,
v.
CITY OF BANNING, et al., Defendants-Appellees.
 No. 91-55949.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1992.*
Decided Nov. 13, 1992.
 
 Before POOLE, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The issue in this appeal is whether appellants, who pressed and lost a civil rights suit in California state court, may obtain review of the state court proceedings by a federal district court. We hold they cannot.
 
 
 3
 We are also asked to sanction appellants for filing a frivolous appeal. We agree the appeal is frivolous but decline to impose sanctions.
 
 I.
 
 4
 In 1988, plaintiffs-appellants (hereafter, appellants) filed a civil rights suit under 42 U.S.C. § 1983 in state superior court in California. They alleged that police officers of Banning, California had entered their house without a warrant, pushed and shoved them, and threatened them with arrest. The superior court found the case meritless and entered summary judgment in favor of the defendants (now defendants-appellees).
 
 
 5
 After four unsuccessful motions requesting the superior court to reconsider its ruling, appellants sought review in the state appellate court. Because appellants' counsel had withdrawn from the case, appellants brought their appeal (and all subsequent proceedings) pro se. The state appellate court dismissed the appeal as untimely, and denied appellants' petition for rehearing.
 
 
 6
 Appellants next sought relief from the Supreme Court of California. But that court, also, denied appellants' request, again because of untimeliness.
 
 
 7
 Appellants then filed a "Notice of Removal" in the United States District Court for the Southern District of California. The district court dismissed the proceeding for lack of subject matter jurisdiction, and appellants timely filed this appeal.
 
 
 8
 We have jurisdiction under 28 U.S.C. 1291. We review de novo the district court's decision that it lacked jurisdiction. Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989). We affirm.
 
 II.
 
 9
 Appellants' attempt to have a federal district court review final state court judgments must fail. "[L]ower federal courts possess no power whatever to sit in direct review of state court decisions." Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 296 (1970); accord Allah v. Superior Court, 871 F.2d at 890-91. This is true "even though the direct challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." Allah, 871 F.2d at 891 (citation omitted).
 
 
 10
 Appellants' citation to 28 U.S.C. § 1441 is unavailing. That statute permits defendants, not plaintiffs, to remove cases to federal court, and then only at the outset of litigation, not after its conclusion. 28 U.S.C. §§ 1441, 1446(b). Appellants were the plaintiffs in the state court lawsuit and have already had their choice of forum. They are not entitled to choose again.
 
 III.
 
 11
 Appellees request that we sanction appellants for filing a frivolous appeal. See Fed.R.App.P. 38. We agree the appeal is frivolous but decline to award sanctions. Appellants have dragged this litigation forward long after they should have realized it was meritless. But their doggedness seems more a product of misinformed hope than vexatious design.
 
 
 12
 The district court's judgment of dismissal is AFFIRMED. The appellees' request for sanctions is DENIED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3