979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Columbus SANDERS, Plaintiff-Appellant,
v.
LOS ANGELES UNIFIED SCHOOL DISTRICT, et al, Defendant-Appellee.
 No. 91-55790.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1992.*
Decided Nov. 19, 1992.
 
 1
 Before O'SCANNLAIN and RYMER, Circuit Judges, and ZILLY, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Columbus Sanders appeals pro se the dismissal of his action raising RICO (18 U.S.C. §§ 1962 and 1964), civil rights, handicap and employment discrimination, and state law claims. Sanders's case arises from his alleged emotional distress caused by employment conditions. We conclude that the appeal is timely and we affirm.
 
 FACTS
 
 4
 Appellant Sanders is a former Los Angeles School District teacher who taught in the district for twenty years. He is an African-American man in his late 40s. Sanders alleges that beginning in 1985, when a new principal was assigned to the elementary school where he worked, Sanders experienced increasing difficulties with the school's administration. These difficulties include allegations of nonsupportive to abusive conduct by the principal. Sanders attributes this conduct to racial discrimination.
 
 
 5
 Sanders' claims centered around allegations that he witnessed the false arrest of and brutality against a parent who came to the school to see him about school matters. Sanders claims that the parent, an African-American woman, was not allowed into the school to see Sanders. When Sanders came down to the office to intervene, the parent allegedly uttered an obscenity and threatened to go to the school board, and was then assaulted by a school police officer. Sanders also based his RICO claims on the school's handling of the incident.
 
 
 6
 By order entered May 11, 1990, the district court dismissed without prejudice Sanders' first through eight causes of action, alleging violations of federal and state civil rights laws and intentional infliction of emotional distress, for failure to allege necessary elements of these claims. At the same time, the court granted Sanders leave to file an amended complaint within thirty days, as to these eight claims.
 
 
 7
 The order of May 11, 1990 also dismissed with prejudice Sanders' two RICO claims for failure to sufficiently plead the elements of a RICO violation and because "the Court [was] certain that RICO is clearly not meant to apply to situations such as the instant case."
 
 
 8
 Sanders then fired his attorney. On July 9, 1990, the district court docketed the substitution of the plaintiff pro se in the place of plaintiff's attorney.
 
 
 9
 On June 5, 1991, over a year after its original order of dismissal, the district court docketed a notation that the case "should have been closed on entry dated May 11, 1990" and entered that order on June 17, 1991.
 
 
 10
 On July 12, 1991, the district court docketed plaintiff's notice of appeal.
 
 
 11
 Appellant currently has pending in the district court two consolidated actions that arise from the same factual circumstances as this case: Columbus Sanders v. Los Angeles Unified School District, U.S.D.C. Case No. 90-2703 KN, and Columbus Sanders v. United Teachers Los Angeles, et al., U.S.D.C. Case No. 91-0172 KN.
 
 
 12
 Columbus Sanders contends that this appeal is timely filed despite the time that has elapsed since the entry of the order of dismissal. He appeals the district court's dismissal of his RICO claims with prejudice and seeks leave to amend those claims. He contends that his failure to amend his non-RICO claims within the time allowed by the district court was excusable due to his mental illness, and seeks to amend those claims as well. Finally, Sanders argues that the district court erred by not appointing counsel in his related claims that are currently pending before the district court.
 
 JURISDICTION
 
 13
 The district court's jurisdiction in this matter is based upon 28 U.S.C. §§ 1331, 1343 and the doctrine of pendent jurisdiction. This court has jurisdiction over all but the last claim under 28 U.S.C. § 1291.[1]
 
 
 14
 This court has no jurisdiction over Sanders' claim that the district court erred in not appointing counsel in his related claims currently pending before the district court. The district court has issued no order appealable under 28 U.S.C. § 1291 or § 1292. Thus, we do not consider the claim.
 
 STANDARD OF REVIEW
 
 15
 This Court reviews de novo the dismissal of an action under Rule 12(b)(6) for failure to state a claim. McCalden v. California Library Ass'n, 955 F.2d 1214, 1219 (9th Cir.1990), cert. denied, Simon Wisenthal Center for Holocaust Studies v. McCalden, 112 S.Ct. 2306 (1992).
 
 
 16
 A district court's decision to deny leave to amend is reviewed under the abuse of discretion standard. See Ward v. City of San Jose, 967 F.2d 280, 287 (9th Cir.1992).
 
 DISCUSSION
 I.
 
 17
 In order to be timely, a notice of appeal "shall be filed with the clerk of the district court within thirty days after the date of entry of the judgment or order appealed from...." Federal Rules of Appellate Procedure (FRAP) Rule 4. Although the order dismissing Sanders' case was entered over a year before his appeal was filed, timeliness is an issue in this case because of the wording of the order of dismissal and subsequent docket entries. On May 11, 1990, the district court ordered all claims dismissed. However, the order of May 11, 1990 simultaneously granted Sanders thirty days to file an amended complaint on eight of his ten claims. No judgment was ever entered as a result of the court's order of dismissal. The clerk accepted a filing on July 9, 1990, nearly sixty days after the order of dismissal, substituting Sanders as a pro se plaintiff. On June 17, 1991, the district court entered an order stating that the case should have been closed as of the May 11, 1990 entry of dismissal.
 
 
 18
 Sanders claims that a final judgment was not entered until June 17, 1991 when the court entered the order closing the case and that he did not believe he could file an appeal until that time. He filed the notice of this appeal within 30 days of the June 17, 1991 order and his notice of appeal was entered by the district court clerk on July 12, 1991.
 
 
 19
 Federal Rules of Appellate Procedure Rule 4(a)(1) provides that a notice of appeal shall be filed within 30 days "after the date of entry of the judgment or order appealed from...." A timely notice of appeal is jurisdictional. Allah v. Superior Court, 871 F.2d 887, 890 n. 1 (9th Cir.1989). The normal procedure is for the clerk to enter judgment after a decision by the court in the form of a separate document. Fed.R.Civ.P. Rule 58. The court failed to enter any judgment in this case. Appellee claims that appellant's appeal is untimely. If the court's order of dismissal entered May 11, 1990 is an appealable order, appellant's appeal is untimely. If the court's later order on June 17, 1991 that the case should have been dismissed as of the May 11, 1990 entry of dismissal is the appealable event, this appeal is timely. After the May 9, 1990 order of dismissal, the district court entered an order on July 9, 1990 substituting Sanders as a pro se plaintiff. If the appeal period had expired as of that time, the court should not have entered this order.
 
 
 20
 The district court's order of dismissal does not constitute an "entry of judgment." This Circuit has held fast to a mechanical rule requiring a separate judgment. The reason for this rule is to avoid the type of confusion created in this case. McCalden, 955 F.2d at 1218. The Court's order on June 17, 1991, that the case should have been closed as of the May 11, 1990 entry of dismissal does not create a separate judgment as of the earlier date. The court's order on June 17, 1991 is appealable and this appeal is timely.
 
 II.
 
 21
 Sanders contends that the district court erred in dismissing his RICO claims with prejudice.
 
 
 22
 A district court's order of dismissal can be affirmed if there is no set of facts which would entitle Sanders to relief. Trucking Unlimited v. California Motor Transport Co. 432 F.2d 755, 757 (9th Cir.1970), affirmed on other grounds, 404 U.S. 508 (1972).
 
 
 23
 The Racketeer Influenced and Corrupt Organizations Act (RICO) makes it unlawful for any person who has received income from a pattern of racketeering activity to use or invest the income in any operation or interest affecting interstate commerce. 18 U.S.C. § 1962.
 
 
 24
 Sanders's ninth and tenth causes of action allege that the defendants violated the RICO statutes "by hampering the Federal investigation of a violation of 42 U.S.C. §§ 1983, 1985, and 1986 relating to the racially motivated choke-hold" allegedly put on the parent of one of Sanders students.
 
 
 25
 The district court dismissed the RICO claims with prejudice, stating that Sanders
 
 
 26
 has failed to allege the elements of a RICO cause of action, and fails to allege any type of racketeering activity; that any Defendant has received income from such a pattern of activity, or how income derived from such a pattern of activity has been invested in any operation affecting interstate commerce. Furthermore, the Court is certain that RICO is clearly not meant to apply to situations such as the instant case.
 
 
 27
 Transcript, record at 19.
 
 
 28
 Sanders argues that his allegations regarding the defendants' handling of the incident between the police officer and parent amount to an obstruction of justice with regard to an investigation of federal civil rights violations, and that such obstruction is a racketeering activity. Sanders also argues that "interstate commerce is involved in the recruitment and assignment of teachers" and the "employee/defendants gain income by maintaining their employment and the '[s]ystem.' "
 
 
 29
 In order to violate RICO, a defendant must engage in a "pattern of racketeering activity." 18 U.S.C. § 1962. For purposes of RICO, a " 'pattern of racketeering activity' requires at least two acts of racketeering activity...." 18 U.S.C. § 1961. Sanders alleges a single incident of obstruction of justice, not the "pattern of racketeering activity" addressed by RICO.
 
 
 30
 Furthermore, RICO prohibits a person from receiving income "derived, directly or indirectly, from a pattern of racketeering activity." 18 U.S.C. § 1962(a). Sanders has not alleged, and the record does not support, that defendants derived their income from the activities complained of, even if those allegations are accepted as true.
 
 
 31
 The record, examined as a whole, reveals no set of facts that could support Sanders's RICO claims. We affirm the district court's dismissal of these claims with prejudice.
 
 III.
 
 32
 Even if Sanders did not believe he could appeal the dismissal with prejudice of his RICO claims until a final judgment as to the entire case was entered, he had notice as of May 11, 1990 that eight of his claims had been dismissed without prejudice and that he had leave to amend his complaint. For over a year, he failed to submit an amended complaint.
 
 
 33
 Sanders argues that he has been battling mental illness and "lacked the mental capacity to find a competent lawyer or handle the case himself." He claims he was "just too ill to file the Complaint in the short period of time" provided by the court.
 
 
 34
 Whatever the merits of Sanders' arguments for tolling the period to amend because of excusable neglect, he did not communicate these difficulties to the district court, nor did he attempt to gain an extension on the thirty day time period originally granted by the court. Sanders did communicate to the court notice that he would be appearing pro se on July 9, 1990, two months after the order granting him leave to amend his complaint and one month after the expiration of his deadline for doing so. This was his last communication with the district court regarding this case until his notice of this appeal, eleven months later.
 
 
 35
 Federal Rules of Civil Procedure Rule 15 allows a party to file amended complaints by leave of the district court. In its order of dismissal of May 11, 1990, the district court granted Sanders 30 days leave to amend his non-RICO claims.
 
 
 36
 This Court reviews a district court's decision to deny leave to amend under the abuse of discretion standard. See Ward, 967 F.2d at 287. The district court granted Sanders leave to amend within 30 days. Sanders never moved for extension of that 30 day period, thus the district court has never engaged in the process of weighing Sanders' claims of incapacitating mental illness or his argument that he should receive an extension of the leave to amend because of excusable neglect.
 
 
 37
 Appellant has failed to demonstrate that the district court's decision was an abuse of discretion. Accordingly, we affirm the district court's dismissal of these claims.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that under our recent decision in Belanger v. Madera Unified School District, 963 F.2d 248 (9th Cir.1992), Sanders' suit against the defendant school district would be barred under the Eleventh Amendment. Belanger was decided after the parties briefed this case. Because we dismiss this case on other grounds, we do not reach this issue