8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Lee LASHLEY, Plaintiff-Appellant,
v.
PIERCE COUNTY, Defendant-Appellee.
 No. 92-36803.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 20, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Lee Lashley appeals pro se the district court's summary judgment in favor of defendant Pierce County in Lashley's 42 U.S.C. § 1983 action alleging inadequate medical treatment during his incarceration at Pierce County Jail. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 This action arises out of Lashley's arrest and incarceration for three days for failure to pay child support. Lashley alleged that jail officials knew he was a diabetic when he was admitted to jail but failed to provide him with insulin or other medical care during his incarceration. Lashley named Pierce County as the sole defendant, alleging that the County failed to train jail personnel adequately in the treatment of inmates' medical needs.[1] Lashley also alleged that his constitutional rights were violated in connection with the underlying state court child support proceedings. Finally, Lashley alleged pendent state law claims. The district court granted summary judgment for Pierce County on the ground that Lashley had not submitted evidence sufficient to establish municipal liability.
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). A municipality cannot be held liable under section 1983 unless the alleged deprivation of civil rights was caused by official municipal policy or practice. Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978); Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir.1992) (per curiam), pet. for cert. filed, 62 U.S.L.W. 3165 (U.S. Aug. 5, 1993) (No. 93-315). Inadequate training can form the basis for municipal liability "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [municipal employees] come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). Where liability is premised on a policy of inadequate training, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985).
 
 
 5
 Here, the evidence regarding whether Lashley received adequate medical care during his incarceration is admittedly in dispute. Nevertheless, the evidence supports, at most, a finding of a single incident of inadequate medical care on the part of the jail officials. Pierce County submitted evidence showing that jail officials are trained regarding the medical needs of inmates. In rebuttal, Lashley submitted only his own conclusory statements that the inadequate treatment he allegedly received obviously resulted from inadequate training. Vague and conclusory allegations are not sufficient to withstand a motion for summary judgment. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 6
 Lashley thus failed to submit evidence at summary judgment showing a pattern or practice of failure to train amounting to deliberate indifference to the medical needs of those incarcerated sufficient to impose municipal liability. See City of Canton, 489 U.S. at 388; Tuttle, 471 U.S. at 823-24. Therefore, the district court correctly granted summary judgment for Pierce County on this claim.
 
 
 7
 Lashley also contends that the district court erred by granting summary judgment on his claim that he was improperly denied appointment of counsel in the superior court child support proceedings. Lashley, however, failed to allege any facts establishing liability on the part of Pierce County for this alleged violation. See Monell, 436 U.S. at 690-91. Further, the federal courts lack jurisdiction to review the decisions of a state court. See Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989). Thus, the district court correctly granted summary judgment for Pierce County on this claim.
 
 
 8
 Finally, because the federal claims were properly dismissed, the district court also properly dismissed Lashley's pendent state claims. See Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir.1990) (per curiam).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 After Pierce County filed its answer, Lashley requested leave to amend his complaint to add individual defendants. The district court granted Lashley's request in part and directed Lashley to file an amended complaint within 20 days and to serve the new defendants. Lashley did not file an amended complaint and never served the additional defendants. Accordingly, on appeal we need only consider the claims against Pierce County