9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cynthia LITTLEJOHN, Plaintiff-Appellant,
v.
L. DENNO, Captain Commander; Officer Bonner; State of
California; Department of California Highway
Patrol, Defendants-Appellees.
 No. 92-55571.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 26, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cynthia Littlejohn appeals pro se the district court's orders setting aside the default judgment against defendant Denno and dismissing Littlejohn's federal claims with prejudice as time barred. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We affirm in part and vacate and remand in part.
 
 
 3
 First, Littlejohn contends that the district erred by setting aside the default judgment against Denno. We review for an abuse of discretion the district court's decision to set aside the judgment of default. See Direct Mail Specialists Inc. v. Eclat Computerized Tech., 840 F.2d 685, 690 (9th Cir.1988). When we review the court's decision to set aside the default, we must consider whether: (1) Littlejohn will be prejudiced if Denno's default judgment is vacated; (2) Denno has a meritorious defense to Littlejohn's complaint; and (3) Denno's "culpable conduct" led to the default. See id.
 
 
 4
 We conclude that because Denno had no personal involvement in the events that serve as the basis of Littlejohn's complaint, Denno has a meritorious defense to the complaint. Similarly, because Denno had no personal involvement in this case, Littlejohn cannot be prejudiced by the setting aside of the judgment of default. Therefore, we must determine if Denno's conduct is culpable because he had actual notice of the filing of the action and failed to answer.
 
 
 5
 Pursuant to Fed.R.Civ.P. 4, service of process may be effectuated in one of five ways: (1) pursuant to state law;[2] (2) by mailing a copy of the summons and complaint to the individual with a notice and acknowledgment; (3) by delivering a copy of the summons and complaint to the individual personally; (4) by leaving a copy of the summons and complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or (5) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed.R.Civ.P. 4(c)(2)(C), 4(d)(1).
 
 
 6
 Here, on October 2, 1990, a deputy U.S. Marshall served the summons and complaint on Denno at work by presenting it to an individual who identified himself as Captain Keith Miller. It is undisputed that Littlejohn never mailed Denno a copy of the summons and complaint. Because Littlejohn did not mail Denno a copy of the summons and complaint, Denno was not properly served pursuant to California law. See Cal.Code Civ.P. § 415.20(b). Because there is no statute that authorizes an agent to receive process for a California Highway Patrol officer, and because Denno has not authorized Miller to accept service on his behalf, Denno was not properly served pursuant to Fed.R.Civ.P. 4(d)(1). Therefore, Denno was not properly served. See Fed.R.Civ.P. 4.
 
 
 7
 Accordingly, we conclude that the district court did not abuse its discretion by setting aside the judgment of default against Denno. See Direct Mail Specialists Inc., 840 F.2d at 690.
 
 
 8
 Second, Littlejohn contends that the district court erred in dismissing her complaint as time barred. We review de novo the district court's dismissal of a complaint on statute of limitations grounds. Felton v. Unisource Corp., 940 F.2d 503, 508 (9th Cir.1991). We recently held that "ordinarily equitable tolling is not properly resolved at the pleading stage." Cervantes v. City of San Diego, No. 91-56305, slip op. 10767, 10776 (9th Cir. Sept. 27, 1993).
 
 
 9
 California courts have developed a "definitive three-pronged test for invocation of the doctrine" of equitable tolling. Loehr v. Ventura County Community College Dist., 195 Cal.Rptr. 576, 584 (1983). "A plaintiff's pursuit of a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy these factors: (1) timely notice to the defendants in filing the first claim; (2) lack of prejudice to the defendants in gathering evidence for the second claim; and (3) good faith and reasonable conduct in filing the second claim." Cervantes, slip op. at 10772; see also Donoghue v. Orange County, 848 F.2d 926, 931 (9th Cir.1987); Collier v. City of Pasadena, 191 Cal.Rptr. 681, 685 (1983). Application of this three-part test is mandatory. Cervantes, slip op. at 10773.
 
 
 10
 Here, Littlejohn filed an administrative claim with the California Board of Control within one year from the date her claims purportedly arose. Consistent with the California's three-pronged test for equitable tolling, the allegations that Littlejohn filed an administrative claim entitle her to offer evidence to support her contention that the limitations period was equitably tolled. See id. at 10776.
 
 
 11
 Accordingly, because the district court did not apply California's three-pronged test for invocation of the doctrine of equitable tolling, we vacate the district court's order dismissing Littlejohn's complaint. See id.
 
 
 12
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Littlejohn's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed Littlejohn's complaint with prejudice on 5 March 1992. Littlejohn filed her notice of appeal on 10 April 1992. This appeal is nevertheless timely because the district court did not enter a separate judgment as required by Fed.R.Civ.P. 58 and, therefore, the time for appeal never began to run. See Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989)
 
 
 [2]
 Pursuant to California law, service on an individual may be effectuated by: (1) personal delivery of the summons and complaint to the individual to be served or to an authorized agent; (2) leaving a copy of the summons and complaint with a responsible person at the individual's home, office, or mailing address and thereafter mailing a copy to the individual at such home, office, or mailing address, or (3) mailing a copy to the individual with a notice and acknowledgment. Cal.Code Civ.P. §§ 415.10, 415.20, 415.30, & 416.90