12 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Peter F. MELENDEZ, Plaintiff-Appellant,
v.
ARIZONA DEPARTMENT OF ECONOMIC SECURITY; Arizona State
Personnel Board, Defendants-Appellees.
 No. 93-15065.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 1, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Peter F. Melendez appeals pro se the district court's dismissal without prejudice of his action for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo a district court's dismissal for lack of subject matter jurisdiction. Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc., 970 F.2d 552, 554 (9th Cir.1992). We affirm.
 
 
 3
 Melendez contends that the district court erred by dismissing his action because the district court "has jurisdiction over all state courts" under 28 U.S.C. Sec. 1331. This contention lacks merit.
 
 
 4
 "District courts ... have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. Sec. 1331. District courts do not, however, have jurisdiction "over direct challenges to final decisions of state courts, even if those challenges allege that the state court's action was unconstitutional." Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989).
 
 
 5
 Here, Melendez alleged that the Arizona Department of Economic Security wrongfully terminated his employment and that, because of illness, he was unable to appeal timely the Arizona State Personnel Board's (ASPB) affirmance of his discharge. In his action, Melendez attempted to appeal the Arizona Supreme Court's denial of his petition for review of the ASPB's decision and requested a new trial on the merits of his discharge. The district court did not have jurisdiction over Melendez's appeal of the Arizona Supreme Court's decision. See id. Moreover, because Melendez failed to allege any facts invoking a federal question, the district court properly dismissed his action for lack of subject matter jurisdiction. See 28 U.S.C. Sec. 1331.
 
 
 6
 Although we denied appellee's motion for summary affirmance because of the possibility of curing amendments, see Noll v. Carlson, 809 F.2d 1446 (9th Cir.1987), we have now conducted a plenary review of the record and determine that there are no circumstances which could be alleged to cure the jurisdictional defects.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3