42 F.3d 1398
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Celeste CHAPMAN, Plaintiff-Appellant,
v.
BAY MUNICIPAL COURT; Contra Costa County; Honorable Harlan
G. Grossman; Honorable Garrett J. Grant; American Housing
Property Management Co.; Dinesh Sawhney; Verner Mix; Atil
Madan, Defendants-Appellees.
 No. 93-15710.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1994.*
Decided Nov. 22, 1994.
 
 1
 Before: ALARCON and HALL, Circuit Judges, and KING, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Celeste Chapman appeals from an order of the district court lifting a preliminary injunction and dismissing without prejudice an action which she brought alleging violations of 42 U.S.C. Secs. 1981, 1982, 1983, 1985, and 1986, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.
 
 
 4
 Chapman's landlord, defendants American Housing Property Management Co., Dinesh Sawhney, Verner Mix, and Atil Madan (hereinafter referred to collectively as the "private defendants") instituted an unlawful detainer action against Chapman in Bay Municipal Court, alleging that she was delinquent in her rent. The private defendants apparently obtained a default judgment. On January 27, 1993, Chapman moved in the state court to set aside the default judgment, disputing the amount of rent owed and alleging a variety of defects in the statutory notice, complaint, and proof of service. Chapman claims that the private defendants perjured themselves on several occasions.
 
 
 5
 On January 27, apparently as a prerequisite to staying execution of the default judgment, defendant Judge Garrett Grant ordered Chapman to pay money into a "court trust" account. Chapman alleges that the court trust system administered by Bay Municipal Court is part of a "custom, policy, and practice" of the court to deny access to the court and infringe the rights of tenants on the basis of race and gender.
 
 
 6
 At a February 11 hearing in Bay Municipal Court on Chapman's motion to set aside the default judgment, Chapman alleges that the private defendants and defendant Judge Harlan Grossman conspired to deprive her of her opportunity to plead her cause, decided matters not properly before the court, and otherwise violated her procedural and substantive rights in various ways.
 
 
 7
 Chapman subsequently filed the present action in federal court, alleging civil rights violations and requesting compensatory and punitive damages and injunctive relief. The district court granted a temporary restraining order, which it later converted into a preliminary injunction. The district court dismissed the judicial defendants from the case on the basis of absolute judicial immunity. After requesting briefs from the parties, the district court dismissed the remainder of the complaint on the basis of Younger abstention. See Younger v. Harris, 401 U.S. 37 (1971).
 
 
 8
 Chapman filed a timely notice of appeal and we have jurisdiction under 28 U.S.C. Sec. 1291. While we do not take lightly Chapman's allegations of racial and gender discrimination against her, we conclude that the district court properly dismissed the case, although not for the reasons it stated.
 
 DISCUSSION
 1. Absolute Immunity
 
 9
 The district court dismissed the claims against the judicial defendants on the basis of absolute immunity. To the extent that Chapman's complaint demanded damages, dismissal was proper. See, e.g., Imbler v. Pachtman, 424 U.S. 409 (1976). Judges are not absolutely immune, however, from claims for prospective injunctive relief. Lebbos v. Judges of Super. Ct. of Santa Clara County, 883 F.2d 810, 813 n. 5 (9th Cir.1989) (citing Pulliam v. Allen, 466 U.S. 522, 541-42 (1984)). Because the amended complaint requests injunctive relief against the judicial defendants, complete dismissal on the basis of absolute immunity was erroneous.
 
 
 10
 It is well established, however, that we may affirm on any basis supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993). As discussed below, we find that the dismissal of all claims against the judicial defendants must be affirmed because the district court lacked subject matter jurisdiction.
 
 2. Younger Abstention
 
 11
 The district court dismissed the claims against the private defendants on the basis of Younger abstention. We review de novo the decision to abstain under Younger. Lebbos, 883 F.2d at 813.
 
 
 12
 Younger abstention is "based on 'interests of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important interests.' " Id. (quoting Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237 (1984)). Younger itself held that federal courts should not enjoin pending state criminal proceedings except under extraordinary circumstances. 401 U.S. at 46. The abstention doctrine has been extended to certain civil proceedings that implicate important state interests. See, e.g., Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619 (1986) (federal court will not enjoin state civil rights enforcement proceeding).
 
 
 13
 We require three elements before we will invoke Younger abstention in the civil context: (1) ongoing state proceedings; (2) implication of an important state interest in the proceedings; and (3) availability of an adequate opportunity to raise federal questions in the proceedings. See, e.g., World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir.1987). This court has stated repeatedly, however, that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." Id.
 
 
 14
 The district court apparently found that it was required to abstain in the face of the ongoing state landlord and tenant action in Bay Municipal Court. We disagree. In Goldie's Bookstore v. Super. Ct. of the State of Cal., 739 F.2d 466, 470 (9th Cir.1984), this court held that a federal court need not abstain under Younger from hearing a constitutional attack on an ongoing state unlawful detainer proceeding between two private parties. In light of this directly on-point precedent, we conclude that the district court erred in dismissing the claims against the private defendants on Younger grounds.[1]
 
 3. Subject Matter Jurisdiction
 
 15
 This does not, however, end our inquiry. As noted above, we may affirm on any ground supported by the record. Washington, 969 F.2d at 755. Upon careful examination of the complaint, we find that the district court lacked subject matter jurisdiction and the claims against all defendants must be dismissed on that ground. See Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986) (court of appeals must raise issue of subject matter jurisdiction sua sponte).
 
 
 16
 Federal district courts do not have jurisdiction over direct challenges to final decisions of state courts or claims whose resolution "are inextricably intertwined with a state court's decision." D.C. Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); see also Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989). This principle holds true even where the complaint alleges violations of federal due process, equal protection, and other constitutional rights. Feldman, 460 U.S. at 484-86; Worldwide Church of God, 805 F.2d at 891. In such cases, state court appeals must be exhausted and the United States Supreme Court is the proper federal forum in which to raise claims of federal right. Worldwide Church of God, 805 F.2d at 891; 28 U.S.C. Sec. 1257(3).
 
 
 17
 Mindful of the fact that pro se civil rights complaints must be construed liberally, we nevertheless conclude that Chapman's amended complaint essentially asked the district court to review alleged procedural and substantive errors in the state court unlawful detainer proceeding. A large portion of the complaint is devoted to a discussion of the facts of the unlawful detainer action, allegations that various defendants perjured themselves, claimed procedural errors by the presiding judges, and so on. The district court clearly lacked jurisdiction to consider such a "request[ ] ... to conduct a direct review of the state court's judgment and to scrutinize the state court's application of various rules and procedures." Allah, 871 F.2d at 891.
 
 
 18
 The proper forum for such an appeal, including Chapman's claims of judicial bias and unconstitutional discrimination in her case, is state Superior Court. See Cal.Civ.Proc.Code Sec. 904.2 (West 1993) (providing for appeal from municipal court to superior court, which is a court of general jurisdiction); see also Allen v. McCurry, 449 U.S. 90, 105 (1980) (state courts have the obligation and ability to uphold federal law). If Chapman remains dissatisfied with the results of her proceeding after exhausting all state appeals, she may then petition the Supreme Court for a writ of certiorari.
 
 
 19
 The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 The Honorable Samuel P. King, Senior United States District Judge, District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Lebbos, 883 F.2d at 815 n. 6, we observed that the Younger holding of Goldie's Bookstore may have been "substantially undermined" by the Supreme Court's subsequent decision in Pennzoil Co. v. Texaco Inc., 481 U.S. 1 (1987). Goldie's Bookstore has not, however, been overruled. Given our holding that the district court lacked subject matter jurisdiction, we need not precisely determine the current status of our earlier decision