47 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James T. COSGRAVE, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA, Defendant-Appellee.
 No. 93-55953.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1995.*
Decided Feb. 16, 1995.
 
 Before: CHOY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Cosgrave appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. Sec. 1983 action for lack of subject-matter jurisdiction. We affirm.
 
 
 3
 In 1989, Cosgrave filed a workers' compensation claim with the California Workers' Compensation Board. An administrative law judge ("ALJ") conducted a bench trial and determined that Cosgrave's injury did not arise out of or occur during the course or scope of his employment. Cosgrave appealed the decision to the Workers' Compensation Appeals Board, the California Court of Appeals, and the California Supreme Court. The ALJ's finding was upheld in each appeal.
 
 
 4
 In 1993, Cosgrave filed a 42 U.S.C. Sec. 1983 claim in the federal district court alleging that he was denied a fair and impartial hearing at his original trial as a result of political pressure exerted on the judiciary by Governor Pete Wilson. The district court dismissed Cosgrave's cause of action for lack of subject-matter jurisdiction and Cosgrave timely appealed.
 
 
 5
 Cosgrave brought a 42 U.S.C. Sec. 1983 claim in an attempt to relitigate his workers' compensation claim previously settled by the state courts. Such a relitigation is prohibited by the long standing doctrine of res judicata. Federal district courts have no jurisdiction over direct challenges to final decisions of state courts even where the complaint may allege violations of federal due process, equal protection, or other constitutional rights. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989). Cosgrave's appropriate method of appeal is a writ of certiorari to the Supreme Court of the United States. 28 U.S.C. Sec. 1257(a). The district court did not err in dismissing Cosgrave's claim for lack of subject-matter jurisdiction.
 
 
 6
 In addition, Cosgrave's claim against the ALJ alleging bias and seeking damages is barred by the doctrine of judicial immunity. Adams v. McIlhany, 764 F.2d 294, 297 (9th Cir.1985). The ALJ took no actions with respect to Cosgrave outside of his capacity as an administrative law judge. We AFFIRM.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3