67 F.3d 306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Susan L. GUSTIN, Plaintiff-Appellant,
v.
Rebecca DAILEY, individually and in her official capacity;
Mike Griffin, individually and in his official
ministerial capacities; Gary Irwin;
Barbara Irwin, Defendants-Appellees.
Susan L. GUSTIN, Plaintiff-Appellant,
v.
Gary IRWIN; Barbara Irwin, Defendants-Appellees.
 Nos. 94-36204, 95-35086.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 22, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this consolidated appeal, Susan L. Gustin appeals pro se the district court's dismissal of her two 42 U.S.C. Sec. 1983 actions for failure to state a claim. In the first action (94-36204), Gustin alleged that Klamath County officials and her former landlords violated her constitutional rights during a state court eviction proceeding in which Gustin lost occupancy of a rental space at a trailer home park. In the second action (94-35086), Gustin alleged that her former landlords violated her constitutional rights by evicting her from the trailer home park because she never entered into a formal rental agreement. We review de novo a district court's dismissal of an action for failure to state a claim. Oscar v. University Students Co-op Ass'n., 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * 94-36204
 
 
 4
 Gustin's complaint alleged that defendants failed to give her adequate notice of the notice of restitution as required by the relevant Oregon statute.
 
 
 5
 "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.' " Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950)).
 
 
 6
 Oregon law requires the sheriff to serve an execution of judgment of restitution and a notice of restitution by mailing the order to the defendant at the premises and serving the defendant personally. Or.Rev.Stat. Sec. 105.155(4). If the defendant is not available for personal service, a copy of the notice may be attached in a secure manner to the premises. Id. If after three days of service of the restitution notice defendant has failed to remove his personal property, the sheriff is to deliver possession of the premises to the plaintiff. Or.Re.Stat. Sec. 105.155(1).
 
 
 7
 Here, Gustin's complaint stated that officials Dailey and Griffin served the notice of restitution and writ of execution on Gustin on May 23, 1994, by posting the notices to the doors of her trailer home, and by mailing the notices to her on the same day. The notice of eviction was served on Gustin on May 27, three days after the notice of restitution was served.
 
 
 8
 It is clear from the face of Gustin's complaint that defendants fully complied with section 105.155. Accordingly, the district court correctly dismissed the complaint as to defendant sheriff officials Dailey and Griffin. Because we affirm the district court's dismissal of defendants Dailey and Griffin, we also agree with the district court that Gustin failed to show any section 1983 liability on the part of her former landlords Gary and Barbara. See Howerton v. Gabica, 708 F.2d 380, 382-83 (9th Cir.1983) (noting that individuals may be liable under section 1983 when police affirmatively participate in the illegal repossession).
 
 
 9
 In her objections to the magistrate's report and recommendation and in her brief on appeal, plaintiff contends that defendants violated her constitutional rights by evicting her from the park because the state court unlawful detainer proceeding was void. Gustin contends the state court lacked jurisdiction over the unlawful detainer action essentially because defendants committed perjury and submitted forged documents into evidence. Gustin asks this court to "examine the state trial court file to verify [her] claims."
 
 
 10
 Federal district courts do not have jurisdiction over direct challenges to final decisions of state courts or over claims whose resolution "are inextricably intertwined with a state court's decision." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, & n. 16 (1983); Allah v. Superior Court, 871 F.2d 887, 890-91 (9th Cir.1989). This principle holds true even where the complaint alleges violations of federal due process, equal protection, and other constitutional rights. Feldman, 460 U.S. at 484-86. In such cases, state court appeals must be exhausted and the United States Supreme Court is the proper forum in which to raise claims of federal right. Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986).
 
 
 11
 Given these circumstances, the district court did not err by dismissing Gustin's action for failure to state a claim. See Oscar, 965 F.2d at 785.
 
 II
 95-35086
 
 12
 In this action, Gustin appeared to allege that her former landlords violated her constitutional rights when they decided to evict her for violating a rental agreement that prohibited dogs on the premises. According to Gustin, because she never entered into a formal rental agreement that included a pet provision, the eviction was unlawful. Gustin also alleged that the landlords applied the park's rules and regulations against her in a discriminatory fashion because she brought visitors to the trailer home. Gustin alleged that defendants acted under color of law by virtue of utilizing the provisions of the Oregon Landlord and Tenant Act.
 
 
 13
 We agree with the district court that Gustin's complaint failed sufficiently to allege that defendants acted under color of state law. The only acts of defendants which are remotely connected to the utilization of the Oregon Landlord and Tenant Act by defendants was the issuance of notices of termination to plaintiff. This does not rise to the level of significant involvement necessary to fairly attribute the acts of the defendants to the state. Howerton, 708 F.2d at 384. Accordingly, the district court did not err by dismissing Gustin's complaint for failure to state a claim. See Oscar, 965 F.2d at 785.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3