Robert E. CARUSO, Plaintiff–Appellant,

v.

CONNELLY & CONNELLY PS; Michael F. Connelly; Patrick E. Connelly; Shirley Fitzgerald; Suzanne McConnell; Sharon Caruso, Defendants–Appellees.

No. 00–35227.

D.C. No. CV–98–00461–WFN.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 23, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

508

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

### MEMORANDUM [2]

Robert E. Caruso, an attorney representing himself, appeals pro se the district court's summary judgment for defendants in Caruso's civil action alleging that defendants committed fraud in state court in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, and various state laws. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review de novo the existence of subject matter jurisdiction. *See Allah v. Superior Court,* 871 F.2d 887, 890 (9th Cir. 1989). We affirm.

■ Because the district court could not evaluate Caruso's claims without conducting an impermissible review of state court determinations, we conclude that the district court correctly decided that it lacked subject matter jurisdiction to adjudicate his action. *See Worldwide Church of God v. McNair,* 805 F.2d 888, 892–93 (9th Cir. 1986).

Because we affirm the grant of summary judgment, we need not address the district court's alternative grounds for dismissal based on collateral estoppel.

**2.** This disposition is not appropriate for publication and may not be cited to or by the

■ The district court properly granted attorney's fees under its inherent power, *see Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764–66, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) and pursuant to Wash. Rev.Code § 4.84.185, *see Quick–Ruben v. Verharen,* 136 Wash.2d 888, 969 P.2d 64, 72 (Wash.1998) (en banc).

■ Because Caruso did not show clear error or present new evidence, the district court did not abuse its discretion by denying his motion for reconsideration of the judgment and his motion for reconsideration of the award of attorney's fees. *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

AFFIRMED.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.