**Barbara Anne PINKSTON; et al.,**
**Plaintiffs—Appellants,**

v.

**Robert W. LUECK; et al.,**
**Defendants—Appellees.**

**No. 01–15054.**

**D.C. No. CV–99–01364–PMP.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 14, 2001.

Before KLEINFELD, McKEOWN, and FISHER, Circuit Judges.

MEMORANDUM **

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Because we have reviewed both the original and amended complaints, appellants do not request oral argument.

Barbara Anne Pinkston, Wanda Pinkston, and Kaitlin Pinkston appeal pro se the district court's judgment dismissing their action for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the existence of subject matter jurisdiction. *Allah v. Superior Court,* 871 F.2d 887, 890 (9th Cir.1989). We affirm.

Federal district courts do not have jurisdiction over direct challenges to final decisions of state courts, even when the challenge involves federal constitutional issues. *Doe & Assocs. Law Offices v. Napolitano,* 252 F.3d 1026, 1029 (9th Cir.2001). Because the claims in the Pinkstons' complaint are inextricably intertwined with Nevada state court child custody proceedings, the district court correctly concluded that it lacked subject matter jurisdiction over the action. *See id.* at 1030; *Allah,* 871 F.2d at 890–91.

To the extent that the Pinkstons contend that they should have been allowed to amend their complaint, the contention fails because any amendment of the complaint would be futile. *See Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 339 (9th Cir. 1996).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.