**William N. SCHENCK, Plaintiff—Appellant,**

v.

**Kurt BLEDSOE; et al., Defendants—Appellees.**

No. 03–35248.

D.C. No. CV–02–05037–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

William N. Schenck, Steilacoom, WA, pro se.

Ronald S. Marshall, Esq., Jon A. Payne, Cowlitz County Prosecutor's Office, Kelso, WA, for Defendants–Appellees.

Before B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM **

William Schenck, a Washington state prisoner, appeals pro se the district court's

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

summary judgment in favor of corrections officials in this 42 U.S.C. § 1983 action alleging that, while Schenck was a pretrial detainee in the Cowlitz County jail, he was denied access to the courts. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review summary judgment de novo, *Bahrampour v. Lampert,* 356 F.3d 969, 973 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment because Schenck failed to present evidence that his alleged lack of access to a law library and legal materials caused him to suffer actual injury to his constitutional right of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 351–53, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

Schenck's remaining contentions lack merit.

Schenck's motion to file a late reply brief is granted.

AFFIRMED.

1. Appellees' motion to dismiss for lack of jurisdiction is denied. We conclude that Schenck's request for a certificate of appealability, which he delivered to prison authorities for mailing on March 11, 2003, constitutes a timely notice of appeal. *See Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (prisoner's notice of appeal deemed filed on date it is given to prison officials for mailing); *Allah v. Superior Court,* 871 F.2d 887, 889 (9th Cir.1989) ("In deter-

mining whether a document will be construed as a notice of appeal, this court uses a more lenient standard when the appellant is not represented by counsel.")

