MEMORANDUM **
California prisoner Ferdinand Reynolds appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action after denying his motion for a new trial. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court’s decision whether to appoint counsel. Agyeman v. Com. Corp. of Am., 390 F.3d 1101, 1102 (9th Cir.2004). We affirm.
Reynolds’s contention that the district court acted improperly in declining to appoint him counsel is unpersuasive, given that the court reached the limits of its authority in attempting to appoint counsel. See Mallard v. U.S. Dist. Ct., 490 U.S. 296, 301-05, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) (holding that 28 U.S.C. § 1915(d) did not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case).
We deny the defendants’ renewed motion to dismiss this appeal for lack of jurisdiction because Reynolds’s appellate brief constituted a timely notice of appeal. See Allah v. Superior Court, 871 F.2d 887, 889 (9th Cir.1989) (“Documents that are not denominated notices of appeal will be so treated so long as they ‘clearly evince the party’s intent to appeal,’ are served on the other parties to the litigation, and are filed in the court within the time period otherwise provided by [Fed. R.App. P.] 4(a)(4).”) (citation omitted).
Reynolds’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.