12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David S. HARRISON, Plaintiff-Appellant,
v.
Tom ADLER; Gary Jenkins; Andrew Jenkins, a Minor by and
through Gary Jenkins, his Guardian ad Litem;
David B. Moon, Jr.; Does 1 through 100,
Defendants-Appellees.
 No. 93-55499.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Nov. 29, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David S. Harrison appeals pro se the district court's dismissal for lack of subject matter jurisdiction of Harrison's action for damages against Gary and Andrew Jenkins, their attorney, Tom Adler, and Superior Court Judge Moon. Harrison alleged that the defendants conspired to violate his constitutional rights by manipulating a state court proceeding. The district court granted Harrison's motion to proceed in forma pauperis and dismissed his action prior to service of process. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Pursuant to 28 U.S.C. Sec. 1915(d), a complaint may be dismissed prior to service of process if it is frivolous. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We review a section 1915(d) dismissal for abuse of discretion. Id. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A pro se complaint must be liberally construed. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 Here, Harrison alleges that the defendants conspired to obtain a default judgment against him in a state court wrongful death proceeding. Specifically, Harrison alleges that the defendants deprived him of due process by preventing him from defending himself in the state court proceeding.
 
 
 5
 United States district courts "do not have jurisdiction over direct challenges to final decisions of state courts, even if those challenges allege that the state court's action was unconstitutional." Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989). "This rule applies even though the direct challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." Id. at 891. The question, then, is whether the complaint requires the district court to review the state court's judgment and to scrutinize the state court's application of various rules and procedures to the state case. Allah, 871 F.2d at 891. In his complaint, Harrison alleges that (1) the defendants conspired to transfer the hearing to prove up damages to Judge Moon's courtroom without notice to Harrison; and (2) Judge Moon failed to address Harrison's request to proceed pro se. Harrison's conspiracy allegations amount to no more than allegations of procedural error in the state court proceeding. Given the claims Harrison raised, the district court correctly concluded that it lacked jurisdiction over the action. See Allah, 871 F.2d at 891. Thus, the district court did not abuse its discretion by dismissing the action prior to service of process because Harrison's claims have no arguable basis in law. See Neitzke, 490 U.S. at 325.
 
 
 6
 Harrison also claims that as a pro se litigant, he should have been allowed to amend his complaint before dismissal. A pro se litigant must be given leave to amend his or her complaint unless it is "absolutely clear" that amendment would be futile. Karim-Panahi, 839 F.2d at 623. Because district courts cannot review state court proceeding under any circumstances, amendment would have been futile. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Harrison's motion to submit this appeal on the briefs is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3