62 F.3d 1423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel ANDRISANI, Plaintiff-Appellant,
v.
Bruce J. SOTTILE, L.A. County Superior Court Judge; EDWARD
A. HINZ, JR.; JOAN D. KLEIN; H. WALTER CROSKEY; MALCOM
LUCAS; STANLEY MOSK; JOYCE KENNARD; RON GEORGE; EDWARD
PANELLI; ELLEN DUGGAN; RAFAEL CELEDON; BEN LAVERNE BROWN,
Defendants-Appellees.
 No. 95-55070.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel Andrisani appeals pro se the district court's dismissal of his civil rights action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In his action, Andrisani alleged that the defendants, various state court judges and justices and several parties to a prior state court proceeding, deprived him of his constitutional rights. Andrisani also sought federal review of the state court decision. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo the district court's dismissal of an action pursuant to Rule 12(b)(6), Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir. 1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 * Background
 
 
 4
 Andrisani originally filed an action against several of the private defendants in state court alleging malicious prosecution. Unsatisfied with the outcome, Andrisani then filed the instant civil rights action, naming the defendants from the prior suit and numerous state judges and justices. After de novo review, the district court adopted the magistrate judge's report and recommendation and dismissed the action. Andrisani timely appeals.
 
 II
 Judicial Immunity[1]
 
 5
 Judges are absolutely immune from section 1983 liability for damages for their judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978). An act is judicial when it is a function normally performed by a judge and the parties deal with the judge in his or her judicial capacity. Id. at 362; Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d 1103, 1108 (9th Cir. 1987).
 
 
 6
 Here, Andrisani failed to allege any facts indicating that the judicial defendants acted outside the scope of their judicial capacity or in the absence of jurisdiction. See Stump, 435 U.S. at 356; Zolin, 812 F.2d at 1108. Thus, the district court correctly found that the defendant judges were absolutely immune from suit for damages.
 
 III
 Private Actors
 
 7
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or federal law. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988). Thus, "private parties are not generally acting under color of state law." Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991), cert. denied, 112 S. Ct. 1480 (1992). A private person, however, may act under color of state law if he willfully participates in joint action with state officials to deprive others of their constitutional rights. Taylor v. List, 880 F.2d 1040, 1048 (9th Cir. 1989). The private party must share the common objective of the conspiracy or enter into an agreement with the state actor. Id. Vague and conclusory allegations are not sufficient to support a claim for civil rights violations based on conspiracy. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam).
 
 
 8
 Here, the private party defendants were not acting under color of state law. See Karim-Panahi, 839 F.2d at 624. Moreover, Andrisani failed to allege sufficient facts to support his claim that they conspired with state actors. See Taylor, 880 F.2d at 1048. Andrisani merely made conclusory allegations that all the defendants conspired to deprive him of his constitutional rights. See Ivey, 673 F.2d at 268. Thus, the district court correctly dismissed the claims against the private party defendants.[2]
 
 
 9
 Moreover, witnesses, such as the private party defendants, have absolute immunity from civil suits for damages relating to their testimony at judicial proceedings even when they know their testimony is false. See Burns v. Reed, 500 U.S. 478, 489 (1991); Briscoe v. Lahue, 460 U.S. 325, 326 (1983).
 
 IV
 Government Defendants
 
 10
 The Eleventh Amendment bars suits for damages in federal court against the state and agencies or arms of the state. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). Thus, to the extent Andrisani's action seeks damages against any state government defendants it is barred by the Eleventh Amendment. See Pena, 976 F.2d at 473.
 
 V
 Review of State Court Decision
 
 11
 Finally, Andrisani contends that the district court erred by concluding that it lacked subject-matter jurisdiction over Andrisani's action to the extent that it sought review of a state court judgment in federal court. Andrisani's contention lacks merit.
 
 
 12
 Federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); Allah v. Superior Court of California, 871 F.2d 887, 890-91 (9th Cir. 1989). The United States Supreme Court has exclusive jurisdiction to review state appellate decisions. Feldman, 460 U.S. at 486; see also 28 U.S.C. Sec. 1257. This rule applies even when the challenge to the state court's actions involves federal constitutional issues. Feldman, 460 U.S. at 484-86; Worldwide Church of God v. McNair, 805 F.2d 888, 892-93 & n.3 (9th Cir. 1986).
 
 
 13
 Here, Andrisani's federal action, in part, seeks review of a state court decision. Accordingly, the district court did not err by concluding that it lacked subject-matter jurisdiction. See Feldman, 460 U.S. at 484-86; McNair, 805 F.2d at 892-93.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In Andrisani's amended complaint, he failed to specifically re-name any individual except Judge Sottile. Accordingly, on appeal, the other defendant judges and justices argue that they are no longer party to the appeal. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). This contention has merit. See id. Nevertheless, because we find that the defendant judges and justices were properly dismissed regardless of whether they were properly re-named in the amended complaint, we need not rely on this issue
 
 
 [2]
 We have considered and reject Andrisani's contention that the district court erred by setting aside the defaults entered against several of the defendants