94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Simon LEVI, Plaintiff-Appellant,
v.
SAFEWAY; Phoenix Security Operation; Michael McGraf,
Defendants-Appellees.
 No. 95-16177.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Simon S. Levi appeals pro se the district court's order imposing sanctions following the dismissal of his 42 U.S.C. § 1983 action against Safeway Stores for its alleged refusal to allow him to panhandle in front of a Safeway store located in San Francisco, California. The district court, after holding that Safeway was not a state actor, dismissed the action for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 A. Motion For Extension Of Time
 
 3
 Levi contends that the district court erred by failing to rule on Levi's outstanding motion for extension of time to file a notice of appeal of the dismissal order. The district court's order dismissing Levi's case was entered on December 14, 1994. The district court, however, did not enter a separate judgment. Because the time to file a notice of appeal did not begin to run, see Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989), the district court did not err by failing to address his motion for an extension of time.[1]
 
 B. Sanctions
 
 4
 Pursuant to Fed.R.Civ.P. 11, the district court awarded Safeway costs and attorneys' fees that totalled $10,782.89. Levi contends the district court erred by imposing sanctions. We review for abuse of discretion the district court's imposition of Rule 11 sanctions. See Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir.1994), cert. denied, 115 S.Ct. 1400 (1995).
 
 
 5
 The record indicates that Levi violated Fed.R.Civ.P. 11 by filing claims that were not warranted by existing law and were frivolous.[2] See Fed.R.Civ.P. 11(b)(2). Levi misrepresented to the district court holdings of cases he relied on in support of his case, and he also admitted that he failed to conduct any in-depth factual or legal research.
 
 
 6
 Furthermore, Levi's contention that the district court failed to adhere to Fed.R.Civ.P. 11(c)(1)(A)'s 21-day "safe harbor" provision lacks merit. For the purposes of Fed.R.Civ.P. 11(c)(1)(B), the district court's order entered August 11, 1994, satisfactorily served as an order to show cause. Subsection (c)(1)(A) is therefore not applicable to this case. The district court did not abuse its discretion by imposing sanctions. See Smith, 31 F.3d at 1488.
 
 C. Motion For Reconsideration
 
 7
 The district court denied Levi's motion for reconsideration on its merits. Levi captioned his motion as a "Notice of Levi's Motion and Motion For Leave of Court to File a Motion for Reconsideration Pursuant to F.R.C.P. 60(b)." Because this motion was captioned as a motion for leave, Levi contends that the district court should not have ruled on the merits of whether reconsideration was warranted. Although Levi styled his motion as a motion for leave to file a motion for reconsideration, "[t]he nomenclature the movant uses is not controlling. This court must decide whether a motion, however styled, is appropriate for the relief requested." Hasbrouck v. Texaco, Inc., 879 F.2d 632, 635 (9th Cir.1989) (citations omitted). Here, the record indicates that, along with his motion for leave, Levi filed a pleading captioned "Memorandum of Points and Authorities in Support of Motion for Reconsideration." The Memorandum of Points and Authorities cites to the requirements for the granting of a motion brought pursuant to Fed.R.Civ.P. 60(b). Accordingly, the district court did not abuse its discretion by treating and denying Levi's motion for leave as a motion for reconsideration. See Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994).
 
 D. Enjoinment of State Actions
 
 8
 Levi contends that the district court erred by enjoining him from filing additional actions based on the same facts of this case. The district court did not err because the record shows that Levi stipulated to the court's order at a November 18, 1994 hearing.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Levi has failed to address the merits of the district court's dismissal order, he has waived this issue. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988)
 
 
 [2]
 Levi contended that Safeway was a state actor for the purposes of his section 1983 action because: (1) Safeway sold postage stamps in its stores and (2) Safeway became a state actor when it summoned the police and requested the police officer to ask Levi to leave the store's premises