101 F.3d 705
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank R. BORDERS, Plaintiff-Appellant,
v.
Joy K. SMUCKER, individually and in her official capacity as
Public Defender for King County; Maureen M. Saylor,
individually and in her official capacity as MA director of
Western State Sex Offender Program; Lael Zealstroum,
individually and in her official capacity as Forensic
Therapist; Jacke Linda, individually and in her official
capacity as Deputy Prosecuting Attorney for King County;
M.M. Vitals, individually and in his official capacity as
Clinical Director of Western State Sex Offender Program;
Mark Allen, individually and in his official capacity as
Forensic Therapist, Defendants-Appellees.
 No. 96-35127.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 13, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Frank Borders appeals pro se the district court's dismissal of Borders's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915(d).[1] Borders sought damages for defendants' alleged conspiracy to civilly commit him as a sexual psychopath pursuant to Wash.Rev.Code § 71.06. We have jurisdiction pursuant to 28 U.S.C. § 1291, see Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989), and we dismiss.
 
 
 3
 Section 1915(e)(2)(B) of the recently enacted Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), requires us to dismiss in forma pauperis appeals sua sponte if the "case is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief." See Marks v. Solcum, No. 96-15877, slip op. 13759, 13761-63 (9th Cir. Oct. 18, 1996) (per curiam). A case is frivolous if the plaintiff's complaint lacks an arguable basis in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 Upon our review of the record, we agree with the district court that Borders failed to present a cognizable section 1983 claim because Borders did not demonstrate that either his criminal conviction or sentence had been invalidated. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994); accord Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (per curiam). Thus, Borders's section 1983 action lacked an arguable basis in law. See Neitzke, 490 U.S. at 327; Jackson, 885 F.2d at 640-41. Accordingly, we dismiss Borders's appeal pursuant to § 1915(e)(2)(B)(i). See Marks, No. 96-15877, slip op. at 13763.
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On April 26, 1996, former section 1915(d) was redesignated 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996). The portion of section 1915(d) that allowed district courts to dismiss frivolous in forma pauperis complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i) (1996)