131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SAN FRANCISCO BAYKEEPER, a non-profit corporation; Michael
R. Lozeau, an individual, Plaintiffs-Appellants,
v.
Francis COLLINS, Defendant-Appellee,
and
Nelson's Marine Inc.; Harold Nelson, Defendants.
 No. 96-16879.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted November 7, 1997.
Decided November 21, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of California, No. CV-95-04514-MHP; Marilyn H. Patel, District Judge, Presiding.
 
 
 2
 Before: GOODWIN and T.G. NELSON, Circuit Judges, and RHOADES,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Plaintiffs appeal from the district court's dismissal of their action for lack of standing. We may exercise jurisdiction under Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978). We conclude that because plaintiffs have not shown sufficient injury in fact, they lack standing. Accordingly, the district court's order is affirmed.
 
 
 5
 I. This Court has Jurisdiction Over the Appeal
 
 
 6
 The time for filing the notice of appeal has not run, because the separate document requirement of Fed.R.Civ.P. 58 has not been met. See Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989) (holding that the thirty day time period for the filing of the notice of appeal does not begin to run until judgment is entered in accordance with Fed.R.Civ.P. 58). However, efficiency dictates that we retain jurisdiction over this case. See Bankers Trust Co., 435 U.S. at 385 (holding that although the time for the filing of the notice of appeal has not begun to run, the panel may retain the case and consider the appeal).
 
 II. Plaintiffs Do Not Have Standing
 
 7
 Because the jurisdictional defects were substantive and not merely allegational, the district court correctly restricted its inquiry to the original complaint and disregarded the amendments. See Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir.1988).
 
 
 8
 Plaintiffs have not met their burden to show injury in fact, an essential element of the standing inquiry. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (holding that a party seeking to invoke federal jurisdiction bears the burden of proving standing); id. at 560-61 ("the irreducible constitutional minimum of standing contains three elements": (1) injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) redressability). Although "we presume that general allegations embrace those specific facts that are necessary" to demonstrate injury in fact, the plaintiffs have not even made sufficiently general allegations with which they can meet their burden. Id. at 561.
 
 
 9
 While plaintiffs contend that they have used the waters of San Francisco Bay for various recreational purposes, they have not shown (1) that they use the particular area of the Bay at issue for any purpose not associated with the current litigation, and (2) how defendants' activities impair their ability to continue to participate in those general uses which are alleged. Thus, they have not demonstrated injury in fact sufficient to satisfy the requirements of Article III. See Lujan, 504 U.S. at 560 n. 1, 563 (holding that plaintiffs must show a concrete and particularized injury affecting those plaintiffs in a personal and individual way). Accordingly, the district court's order is AFFIRMED.
 
 
 10
 AFFIRMED.
 
 
 
 **
 Honorable John S. Rhoades, Sr., United States District Judge for the Southern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3