### Clarence HAYWOOD Plaintiff–Appellant,

v.

### SAN BERNARDINO COUNTY Defendant–Appellee.

No. 01–55452.

D.C. No. CV–01–91–VAP.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 30, 2001.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Clarence Haywood appeals pro se the district court's dismissal for lack of subject matter jurisdiction of Haywood's action against San Bernardino County. We have jurisdiction, and affirm.

The district court correctly concluded that it lacked subject matter jurisdiction. Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction to review decisions of state courts. *See D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923). United States district courts do not have jurisdiction over direct challenges to final decisions of state courts, "even where the challenge to the state court decision involves federal constitutional issues." *Doe & Assocs. v. Napolitano,* 252 F.3d 1026, 1029 (9th Cir.2001). Because the claims Haywood raised required the district court to review state court judgments, the district court correctly concluded that it lacked subject matter jurisdiction over the action. *See Allah v. Superior Court,* 871 F.2d 887, 890–91 (9th Cir.1989).

Haywood also claims that he should have been allowed to amend his complaint. Because any amendment of Haywood's complaint would be futile, denial of leave to amend was appropriate. *See Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 339 (9th Cir.1996).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.