In re: WESTERN STATES WHOLE-
SALE NATURAL GAS ANTI-
TRUST LITIGATION,

Abelman Art Glass; Fairhaven Power
Co.; Utility Savings & Refund Ser-
vices, LLP, Plaintiffs—Appellants,

v.

AEP Energy Services, Inc.; American
Electric Power Company, Inc.; Cen-
terpoint Energy, Inc.; Duke Energy;
Duke Energy & Marketing, LLC;
Duke Energy Corp.; Duke Energy
Trading And Marketing, LLC; Dyne-
gy Holding Co., Inc.; Dynegy, Inc.; El
Paso Corporation; Encana Corpora-
tion; Reliant Energy Services, Inc.;
Reliant Resources, Inc.; Sempra En-
ergy; Sempra Energy Trading Corp.;
WS Energy Services, Inc.; Xcel Ener-
gy, Inc., Defendants—Appellees.

No. 06–15130.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2007.

Filed Sept. 24, 2007.

Appeal from the United States District Court for the District of Nevada, Philip M. Pro, District Judge, Presiding. D.C. Nos. CV–03–01431–PMP, CV–05–00243–PRO, CV–05–00437–PRO, CV–05–00110–PMP.

Before: B. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

## MEMORANDUM *

The district court granted the defendants' motion to dismiss on the ground that the filed rate doctrine barred all claims of Abelman Art Glass Company, Fairhaven Power Company, and Utility Savings and Refund Services, LLP ("Plaintiffs"). On a motion to dismiss "[a]ll allegations and reasonable inferences are taken as true, and the allegations are construed in the light most favorable to the non-moving party." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir.2004). As we clarified in *E. & J. Gallo Winery v. Encana Corp.*, 503 F.3d 1027 (9th Cir.

2007), the Filed Rate Doctrine, as defined in that case, bars claims based on FERC-approved rates. FERC's jurisdiction does not include approving retail rates, *i.e.*, amounts paid in sales for consumption of natural gas, and therefore claims based on retail rates are not directly barred by the Filed Rate Doctrine. *See* 15 U.S.C. § 717(b); *Panhandle E. Pipe Line Co. v. Pub. Serv. Comm'n of Ind.*, 332 U.S. 507, 517, 68 S.Ct. 190, 92 L.Ed. 128 (1947). In their complaint, Plaintiffs alleged that all of their purchases of natural gas were for consumption. As indicated in *E. & J. Gallo Winery*, to the extent Plaintiffs' damage claims are based on FERC-approved rates in upstream transactions, they are barred by the Filed Rate Doctrine. Nevertheless, construing Plaintiffs' allegations in the light most favorable to Plaintiffs, it is reasonable to infer that at least some of the Plaintiffs' damage claims are not barred by the Filed Rate Doctrine. Therefore, the district court erred in granting the defendants' motion to dismiss.

Defendants Duke and Reliant argue that all damage claims against them are barred by the filed rate doctrine because they are pipeline affiliates subject to FERC's jurisdiction. Construing Plaintiffs' allegations in the light most favorable to Plaintiffs, some sales of gas by Duke and Reliant may be sales of the pipeline's own production or of Mexican or Canadian origin, and thus constitute "first sales," which are not subject to FERC's rate-setting jurisdiction. 15 U.S.C. §§ 717b(b); 3301(21)(B). The Filed Rate Doctrine would not bar Plaintiffs' claims based on such first sales. *See E. & J. Gallo Winery*, 503 F.3d at 1047–48. Likewise, Duke and Reliant may have engaged in false reporting of transactions to publishers of

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

indices. Again, the Filed Rate Doctrine would not bar Plaintiffs' claims based on such conduct. *See id.* at 1048.

Duke and Reliant argue that their settlement agreements with FERC demonstrate that FERC has jurisdiction over their natural gas transactions and bar damage claims based on those transactions. Assuming those settlement agreements are entitled to deference, however, their existence does not change the outcome here. Although FERC's settlement agreement with Reliant states that Reliant's sales were not "first sales" because Reliant was an affiliate of an interstate pipeline, *see Reliant Energy Services*, 105 F.E.R.C. ¶ 61,008, 61,016 (2003), *reh'g dismissed*, 105 F.E.R.C. ¶ 61,253 (2003), FERC's analysis is erroneous, because an interstate pipeline affiliate could engage in first sales of its own production or gas of Mexican or Canadian origin. *See* 15 U.S.C. § 3301(21)(B); 15 U.S.C. § 717b(b). Therefore, to the extent FERC's statement reflects FERC's determination of Reliant's jurisdictional status, it contradicts the plain language of the Wellhead Decontrol Act and we owe it no deference. *See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). With regard to Duke, FERC's settlement agreement addresses only FERC's jurisdiction over Duke's potential liability for wash trades. *See Duke Energy N. Am., LLC*, 105 F.E.R.C. ¶ 61,307, 62,470 (2003), *reh'g dismissed*, 106 F.E.R.C. P. 61,177 (2004). As a result, the district court erred in dismissing Duke and Reliant. *See Adams*, 355 F.3d at 1183.

Finally the district court found that the Plaintiffs' claim against the El Paso and Sempra defendants for a conspiracy to restrict pipeline capacity, and their claim against El Paso for bid-rigging, were barred by the filed rate doctrine. To the extent such alleged misconduct affected FERC-approved rates, claims based on this misconduct would be barred by the Filed Rate Doctrine. However, the effect of this alleged misconduct on non-jurisdictional sales does not implicate the Filed Rate Doctrine, and claims based on such misconduct would not be barred. *See E. & J. Gallo Winery*, 503 F.3d at 1048. The district court, therefore, erred in granting the defendant's motion to dismiss on these counts.

**REVERSED AND REMANDED.**