**ABELMAN ART GLASS; Fairhaven Power Co.; Utility Savings & Refund Services, LLP, Plaintiffs–Appellants,**

v.

**AEP ENERGY SERVICES, INC.; American Electric Power Service Corporation, Defendants–Appellees.**

No. 06–16253.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2008.*

Filed March 11, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Catherine E. Stetson, Esq., Amy M. Gallegos, Esq., Jonathan L. Abram, Esq., William H. Johnson, Esq., Steven J. Routh, Esq., Hogan & Hartson, LLP, Washington, DC, for Defendants–Appellees.

Nathan Reinmiller, Esq., Bruce Alverson, Esq., Craig Corbitt, Esq., Alverson Taylor Mortensen Nelson & Sanders, Las Vegas, NV, Sylvie K. Kern, Esq., Susan G. Kupfer, Esq., Glancy Binkow & Goldberg, LLP, San Francisco, CA, Marc H. Edelson, Esq., Doylestown, PA, Michael J. Boni, Kohn Swift & Graf, P.C., Philadelphia, PA, Kate Reznick, Esq., Boni & Zack LLC, Bala Cnywyd, PA, for Plaintiffs–Appellants.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Plaintiffs Fairhaven Power Company, Abelman Art Glass and Utility Savings & Refund Services, LLP, appeal the district court's dismissal of their class action suit against defendants AEP Energy Services, Inc., and American Electric Power Company, Inc. (collectively, "the AEP defendants"). We reverse. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

We review a district court's analysis of preemption and the Filed Rate Doctrine *de novo*. *See California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 849 & n. 16 (9th Cir.2004).

## I

Contrary to the assertion of the defendants, the appeal in this case was timely. Federal Rule of Civil Procedure 58(a) requires that "[e]very judgment and amended judgment must be set out on a separate document," subject to certain exceptions not applicable here. Under Federal Rule of Appellate Procedure 4(a), an appeal must be filed within 30 days of the earlier of two events: (1) a judgment is entered on a separate document, or (2) 150 days have run from the entry of the non-separate judgment in the docket. *See* Fed. R.App. P. 4(a)(7)(A)(ii).

Here, the district court did not enter its December 28 order on a "separate document," as required by Rule 58(a), and there is no evidence to suggest that the plaintiffs understood that the December 28 order was a final judgment. The plaintiffs did not waive a Rule 58 objection because the plaintiffs did not "unequivocally" indicate their belief that the December 28 order was a final judgment. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259 (9th Cir.2004).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The defendants argue that, even if Rule 58 required a separate document in this case, the entry of judgment on the electronic docket provided the requisite separate document. The defendants rely on Special Order 109, "In re Authorization for Conversion to Case Management/Electronic Case Filing (CM/ECF)," which established the guidelines for the District of Nevada's electronic filing system. However, we have rejected the contention that entry of judgment on the civil docket can constitute a "separate document." *See Allah v. Superior Court,* 871 F.2d 887, 890 (9th Cir.1989) (holding that a district court's denial of a motion for consideration did not satisfy Rule 58, even though "the district court's orders were stamped 'Entered,' were mailed to the parties, and were listed as 'Entered' on the civil docket.").

## II

We addressed how the filed rate doctrine applies in the context of the current structure of natural gas regulation in *E. & J. Gallo Winery v. EnCana Corp.,* 503 F.3d 1027 (9th Cir.2007). The plaintiffs' appeal from the district court's December 19 order was consolidated with *E. & J. Gallo Winery* for oral argument. Following entry of that decision, we issued a short memorandum disposition reversing the district court's December 19 order. *In re Western States Wholesale Natural Gas Antitrust Litigation,* 248 Fed.Appx. 821 (9th Cir.2007) (unpublished mem.). Because the parties' arguments regarding the filed rate doctrine were resolved by these two decisions, we must reverse the district court's dismissal and remand for further consideration in light of *E. & J. Gallo*

*Winery* and *In re Western States Wholesale Natural Gas Antitrust Litigation.*

**REVERSED** and **REMANDED.**